H. ALDEN SMITH and others *vs.* W. A. BARNES, impleaded, etc.

February 17, 1888.

**Mechanic's Lien—Mistake as to Lot.**—Plaintiffs furnished to defendants,. B. & C., materials for a dwelling-house, to be constructed upon a certain lot numbered 5, then owned by said defendants, and upon which another defendant, supposing the house was being built as contemplated, took a. mortgage. By mistake the house was erected upon the adjoining lot, 6, the property of a stranger. *Held* that, as against the defendant mort-- gagee, the plaintiffs were not entitled to a lien upon said lot 5.

**Same.**—*Held, further*, that as against said mortgagee, who upon discovering the error in location purchased lot 6 of its owner, the plaintiff could have no lien upon the dwelling thereon.

Appeal by plaintiffs from an order of the district court for Henne- pin county, *Lochren*, J., presiding, sustaining the demurrer of the de- fendant Barnes (impleaded with Thomas W. Brooks and others) to the complaint. It appears from the complaint that the materials for which a lien is sought were furnished between May and November, 1886, and that the affidavit for lien was filed in January, 1887.

*E. C. Chatfield*, for appellants, cited *Benjamin* v. *Wilson*, 34 Minn. 517; *Carpenter* v. *Leonard*, 5 Minn. 119, (155;) *Lane* v. *Snow*, 66 Iowa, 544, (24 N. W. Rep. 35;) *Banning* v. *Bradford*, 21 Minn. 308; *Iowa Mtge. Co.* v. *Shanquest*, 70 Iowa, 124, (29 N. W. Rep. 820;) *Meigs's Appeal*, 62 Pa. St. 28; *Hill* v. *Sewald*, 53 Pa. St. 271; *Huebsch- mann* v. *McHenry*, 29 Wis. 655; *Wheeler* v. *Bedell*, 40 Mich. 693; *Hamlin* v. *Parsons*, 12 Minn. 59, (108;) *Trammel* v. *Mount*, 4 S. W. Rep. 377; *Daniel* v. *Weaver*, 5 B. J. Lea, (Tenn.) 392; *Esslinger* v. *Huebner*, 22 Wis. 632; *Beckel* v. *Petticrew*, 6 Ohio St. 247; *Morris Co. Bank* v. *Rockaway Mfg. Co.*, 14 N. J. Eq. 189; *Hinchman* v. *Graham*, 2 Serg. & R. 170; *Presbyterian Church* v. *Allison*, 10 Pa. St. 413; *White* v. *Miller*, 18 Pa. St. 52; *Singerly* v. *Doerr*, 62 Pa. St. 9; *Basch* v. *Sener*, 1 Pennypacker, 22; *Hershey* v. *Gohn*, Id. 40; *Odd Fellows Hall* v. *Masser*, 12 Harris, (Pa.) 507; *Greenway* v. *Turner*,. 4 Md. 296; *Watts* v. *Whittington*, 48 Md. 353; Kneeland, Mech. Liens, §§ 89, 90, 92, 94.

*Davenport & Thian,* for respondent.

COLLINS, J. General demurrer, which was sustained in the court below, to an amended complaint in an action to foreclose a lien claimed for materials furnished for the erection of a dwelling-house.

The complaint, in a somewhat discursive manner, sets forth that defendants B. & C., then owners of a certain lot, numbered 5, in the city of Minneapolis, purchased of plaintiffs materials for the erection of a dwelling upon said lot; that thereafter, believing the dwelling then being constructed to be upon said lot, defendant Barnes, who alone interposed this demurrer, took a mortgage thereon for much more than the value of the naked lot; that by mistake the house was erected upon the adjoining lot 6, instead of upon 5, and that said lot 6 was owned by one Crandall, up to the time when sold by him to the defendant Barnes, as hereinafter stated; that until some time after the house was built, all of these parties supposed it to be on lot 5, as intended, but on discovering the error in location said Barnes bought the lot numbered 6 of its owner, Crandall, paying therefor no more than the value of the lot. There are also further allegations as to the value, balance yet due, making and filing of the affidavit for a lien, etc., which need not be specially mentioned, except to say that the complaint does not disclose what property was described in the affidavit on which it is claimed the lien can operate, although the relief demanded in the pleading is that the amount found due plaintiffs be declared a lien upon the house, presumably a fixture erected upon the land of a stranger, and also upon lot 5, on which, as before stated, no house has been constructed, and no part of plaintiffs' materials used.

It is the questions suggested by this demurrer which we are called upon to answer. Notwithstanding the statement in the complaint that the house is *now* the property of said B. & C., (to which statement particular attention has been called by counsel,) it is clear, from all of the allegations, that Barnes became and yet remains the owner of the dwelling by virtue of his purchase from Crandall, upon whose land it had been placed by trespassers. For, in the absence of averments to the contrary, we assume Crandall had no knowledge and gave no consent to its erection upon his lot. As against him, the builders had no rights whatever. Nor had the material-men, for actual or implied

v.38M—16

consent to the erection of the structure must be had from the owner of the land before a lien can be enforced as against him. *O'Neil* v. *St. Olaf's School*, 26 Minn. 329, (4 N. W. Rep. 47.) To Crandall's rights and interests defendant Barnes succeeded by purchase, and his title to the appurtenances upon the lot is wholly unaffected by the allegation in the complaint that, believing the house to be situated upon lot 5, he had taken a mortgage thereon, or by the further allegation that, prior to his purchase, he had discovered the mistake in the location. It follows that no lien can be decreed upon the house.

The other question is one more difficult to dispose of, but we are of the opinion that, where the materials have all been diverted, where no building has been erected upon the lot, its value in no manner enhanced by improvements, and the materials in no way attached to or connected with it, a lien cannot be enforced as against a mortgagee. The statute, (Gen. St. 1878, c. 90, § 1,) which in substance provides that the mechanic or laborer and the material-man shall have a lien to secure the payment of their claims upon the house they build, or for which they furnish materials, and "on and to the land upon which the same is situated," seems to contemplate that there must be or have been a building situated upon the land against which the decree is demanded. The authorities cited by plaintiffs' counsel in support of his contention that a lien can be had upon lot 5, although none of the materials have been used upon it, are of two classes,—one wherein the litigation was between the original parties, and the rights of third parties were not considered; the other where, although a building had been erected, a *part* only of the materials furnished had been diverted; and upon these question the courts of the different states may be said to be about equally divided.

Order affirmed.