BOHN MANUFACTURING CO. ET AL., APPELLANTS, V. HERMAN KOUNTZE ET AL., APPELLEES.

[FILED NOVEMBER 11, 1890.]

Mechanic's Lien: SUPERIOR TO THAT OF VENDOR. In a contract for the sale of land, it was stipulated that the purchaser should erect a dwelling upon the premises within a stated time. The building was erected, but the labor performed and material furnished were not fully paid for. *Held,* In an action to fore-

close a mechanic's lien, that the liens of the mechanic and material-man have priority over the lien of the vendor for unpaid purchase money.

APPEAL from the district court for Douglas county. Heard below before DOANE, J.

*B. G. Burbank,* and *A. C. Troup,* for appellants, cited: *Henderson v. Connelly,* 123 Ill., 98; *Hill v. Gill,* 42 N. W. Rep. [Minn.], 294; *Hilton v. Merrill,* 106 Mass., 528, and cases cited, *Paulsen v. Manske,* 18 N. E. Rep., 275; *Savoy v. Jones,* 2 Rawle [Pa.], 343; *Bickel v. James,* 7 Watts [Pa.], 9; *Woodward v. Leiby,* 36 Pa. St., 437; *Rollin v. Cross,* 45 N. Y., 768; *Hackett v. Badeau,* 63 Id., 476; *Justice v. Parker,* 12 N. W. Rep., 553; *Keller v. Denmead,* 68 Pa. St., 449; *Botsford v. R. Co.,* 41 Conn., 464; *Seitz v. R. Co.,* 16 Kan., 133; *Atkins v. Little,* 17 Minn., 320; *Hunt v. Johnson,* 19 N. Y., 279; *Parkist v. Alexander,* 1 Johns. Ch. [N. Y.], 394; *N. S. Ins. Co. v. Shriver,* 3 Md. Ch. Dec., 381; 2 White & Tudor, Lead. Cas. Eq. [4th Am. Ed.], part 1, 204; *Bank of Greensboro v. Clapp,* 76 N. Car., 482; *Monroe v. West,* 12 Ia., 121; Jones, Mort., secs. 364, 375, 469, 576; *Platt v. Griffith,* 27 N. J. Eq., 207; *Moroney's App.,* 24 Pa. St., 372; *Taylor v. La Bar,* 25 N. J. Eq., 222; *Macintosh v. Thurston,* Id., 242.

*Congdon, Clarkson & Hunt, contra,* cited: *Neil v. McKinney,* 11 O. St., 58; *Logan v. Taylor,* 20 Ia., 297; *Cochran v. Wimberly,* 44 Miss., 503; *Zeigler's Ap.,* 69 Pa. St., 471; *Hickox v. Greenwood,* 94 Ill., 266; *Mills v. Milburn,* 7 Md., 315; *Kline v. Lewis,* 1 Ashm. [Pa.], 31; *Brooks v. Lester,* 36 Md., 65; *Walker v. Burt,* 57 Ga., 20; *Holmes v. Ferguson,* 1 Or., 220; *Gillespie v. Bradford,* 7 Yerger [Tenn.], 168; *Scales v. Griffin,* 2 Doug. [Mich.], 54; *Burbridge v. Marcy,* 54 How. Pr. [N. Y.], 446; *Knapp v. Brown,* 45 N. Y., 207; Phillips, Mechanics' Liens, secs. 71, 73, 88, 89, 243, 244, 245, 246, pp. 130, 131; *Oliver*

*v. Davy,* 34 Minn., 292; *Orr v. Batterson,* 14 B. Mon. [Ky.], 100; *Millard v. West,* 50 Ia., 616; *Thaxter v. Williams,* 14 Pick. [Mass.], 53; *Rees v. Ludington,* 13 Wis., 308; *Jessup v. Stone,* Id., 521; *Perkins v. Davis,* 120 Mass., 408; *Guy v. Carriere,* 5 Cal., 511; *Campbell's App.,* 36 Pa. St., 247; *Stoner v. Neff,* 50 Id., 258; *Ansley v. Pasahro,* 22 Neb., 962; *McGinniss v. Purrington,* 43 Conn., 143; *Callaway v. Freeman,* 29 Ga., 408; *Seitz v. R. Co.,* 16 Kan., 133; *Trustees v. Young,* 2 Duv. [Ky.], 582; *Francis v. Sayles,* 101 Mass., 435; *Conant v. Brackett,* 112 Id., 18; *McCarty v. Carter,* 49 Ill., 53; *Leissmann v. Lovely,* 45 Wis., 420; *Lauer v. Bandow,* 43 Id., 556; *Dutro v. Wilson,* 4 O. St., 101; *Johnson v. Dewey,* 56 Cal., 623; *McClintock v. Criswell,* 67 Pa., 183; *Hervey v. Gay,* 42 N. J., 168; *Craig v. Swinnerton,* 8 Hun [N. Y.], 144; *Nat'l Bk. Metropolis v. Sprague,* 20 N. J. Eq., 13; *Wilkerson v. Rust,* 57 Ind., 172; *Muldoon v. Pitt,* 54 N. Y., 269.


NORVAL, J.

The Bohn Manufacturing Company brought suit in the district court of Douglas county to foreclose a mechanic's lien upon certain premises in the city of Omaha. Herman Kountze, the owner of the fee, Z. B. Berlin, the equitable owner in possession under a contract of purchase with Kountze, and various mechanic lien holders were made defendants. Afterwards Robert G. King was made a party defendant.

On the 7th day of September, 1887, the defendant Herman Kountze, being the owner of lot 4, block 15, Kountze Place, city of Omaha, contracted in writing to convey by warranty deed said lot to the defendant Z. B. Berlin, in case Berlin should perform his part of the contract. The contract price was $2,500. The purchaser paid $100 cash down, and agreed to pay $100 January 7, 1888; $50 Sep-

46

tember 7, 1888, and $50 on the first day of each month thereafter, until the whole sum was paid. All deferred payments were to bear eight per cent interest from date of sale. The contract contained among others this provision: "And it is hereby expressly understood and agreed, and is a part of the consideration for the sale of said lot to said Z. B. Berlin, that the said Z. B. Berlin agrees and binds himself, his heirs, executors, or assigns, to build, or cause to be built, on said lot a good substantial new dwelling house, costing not less than twenty-five hundred dollars, and if more than one dwelling is erected on said lot, then each such dwelling shall cost not less than twenty-five hundred dollars, exclusive of all the other improvements that may be put on said lot, such house or houses to be built on good substantial brick or stone foundations. The said dwelling shall be commenced within eight months from the date hereof, and be fully completed within twelve months from the date hereof, time being of the essence of this contract, and the improvements provided for being a part of the consideration to be paid for said lot. Therefore, should said Z. B. Berlin for any reason fail or neglect to build such building as herein provided for, and within the time specified, then, at the option of said first party, and for the reason that said improvements have not been made as stipulated, this contract may be declared forfeited by said first party, with all the penalties herein provided for."

The contract also contained this stipulation: "And said party of the first part shall have the right, immediately upon the failure on the part of the second party to comply with the stipulations of the contract, or any part thereof, to enter upon the land aforesaid, and take immediate possession thereof without process of law, together with the improvements and appurtenances thereunto belonging."

Upon the back of the contract was indorsed this memorandum, which was duly signed and witnessed:

"It is hereby understood and agreed that, if so requested by the within named Z. B. Berlin, the within named H. Kountze shall advance to the within named Z. B. Berlin any sum of money desired, not exceeding twenty-two hundred dollars, said money so advanced to be used in paying for workmanship and material for building the house within required to be built. Said money so to be advanced shall be placed in the First National Bank of Omaha, subject to check at the date when said Kountze is notified that work will commence on said building. But nothing herein shall be construed to mean that any money shall be advanced unless work is commenced on said building within the time fixed by the within agreement for the commencement of work on said building.

"And the money so deposited shall be paid on checks of the said Z. B. Berlin, accompanied by the estimates of the architect actually in charge of said building, and not to exceed 80 per cent of the amount due for work done and material actually furnished shall be paid on any estimate, and the remaining 20 per cent shall not be paid until the building is fully completed, and not then until ninety days have first elapsed and proper proof is furnished that the building is clear of mechanic and other liens.

"All checks for the payment of money must bear the countersign of Herman Kountze before the same shall be paid by said bank, and duplicates of all contracts, bonds, and vouchers shall be filed with the said Herman Kountze.

"No contract for work shall be let to irresponsible parties, and all contractors shall furnish good and sufficient security, in adequate amounts, for the faithful performance of their contracts, and that no mechanic or other liens will be allowed to go on said property, and that said property shall be clear of all liens or claims by reason of improvements put upon the same.

"At the option of said Kountze, party of the first part, this contract shall be surrendered to him when the money

for the building is advanced, and a new contract entered into, and the consideration therein named to be the amount of money advanced by him and the balance then unpaid on the lot herein referred to; and if no new contract is executed, then all money advanced by said Kountze on this contract, to be used in building, shall be considered as part of the purchase money for said property."

On April 24, 1888, Kountze placed with the First National Bank of Omaha, to the credit of Berlin, $2,200 to be used in building the house provided for in the contract, and on June 7, 1888, for a like purpose, the further sum of $225 was deposited by him in said bank. Peterson & Co. contracted with Berlin to put up the building for $2,944. The house was erected, the extras on the job amounting to $249. The other lien holders were sub-contractors. The moneys placed in the bank were paid out for labor and materials on the architect's estimates by the checks of Berlin, countersigned by Kountze.

The decree of the district court gave Kountze a first lien for $5,009.72, the same being the unpaid purchase price, and the $2,200 first advanced for the construction of the house, with interest on the amounts. The mechanic lien holders were given liens for the amounts due them respectively, but junior to the above lien of Kountze for $5,009.72. Kountze was also given a lien for the amount of his second advancement, which was made junior to all other liens.

The case is here on appeal from that part of the decree giving Kountze the prior lien.

Section 1 of the mechanic's lien law provides that "Any persons who shall perform any labor or furnish any material or machinery or fixtures for the erection, reparation, or removal of any house, mill, manufactory, or building or appurtenance by virtue of a contract or agreement, expressed or implied, with the owner thereof or his agents, shall have a lien to secure the payment of the same upon

such house, mill, manufactory, building, or appurtenance, and the lot of land upon which the same shall stand." The word "owner," as used in this section, is not limited in its meaning to the one who holds the legal title, but embraces the equitable owner as well.   Ordinarily the lien of the mechanic attaches only to the interest of the one who causes the improvement to be made.   The correct rule, doubtless, is where one holding land under a contract of purchase causes a building to be erected thereon, and the contract of sale contains no provision for the erection of a building, that the mechanic's lien is confined to the interest of the purchaser in the premises, and is subordinate to that of the vendor of the land for unpaid purchase money. It is insisted by the appellants that when the contract of sale of real estate stipulates that the purchaser shall erect on the land a building within a specified time, the mechanic who performs the labor or furnishes the material for the making of the improvement is entitled to a lien against the interest of the vendor in the premises as well as that of the vendee.

The contract of sale in the case at bar not only authorized but made it obligatory upon the purchaser to erect a dwelling on the premises, of a certain value, within a fixed time.     Further than that, Kountze stipulated to furnish not to exceed $2,200 towards the erection of the building. The proof shows that Kountze advanced that amount, and more, and that he approved the expenditure of the money. This is additional proof of the authority of the vendee to contract for the erection of the house.     Kountze having in the contract of sale authorized his vendee to make the improvements, and in pursuance of that authority Berlin procured the labor to be performed and the materials to be furnished, the vendor thereby subjected his lien for the unpaid purchase money to the liens that might be acquired by the laborer and material-man for making the improvement.     Where a vendee, owning the equitable title, con-

tracts for the erection of a building upon the express authority of the owner of the legal title, it is but just that the lien of the mechanic should attach to the interest of both vendor and vendee in the premises, and be paramount to the lien of the vendor. And this rule does not in any manner contravene any statutory provision.

If any authority is necessary to support this construction it is not wanting. The case of *Henderson v. Connelly*, 123 Ill., 98, is similar in its facts to the one at bar. C. M. & W. S. Henderson sold certain real estate to one Sharp for $2,150. Part of the consideration was paid down and the balance was to be paid in monthly payments. The contract of sale contained this clause: "And said Henderson agrees that when said Sharp shall have expended $325 in the erection of a suitable dwelling house upon said premises, they will advance him, as the progress of the building justifies, in their opinion, the further sum of $875, to aid in the completion thereof." J. G. Sharp, the vendee, subsequently employed Connelly to do the excavating, stone, and brick work and plastering for a house he proposed to erect on the premises. Connelly performed the labor and furnished the materials according to his contract, amounting to $465.58, and filed his lien for the same. The Hendersons, during the progress of the work, advanced Sharp $700. Sharp having failed to make his payments to the Hendersons, the latter took possession of the property and completed the house. Connelly brought suit to enforce a lien for labor and materials furnished under the contract with Sharp. Mr. Justice Craig, in delivering the opinion of the court, says: "The only reasonable and fair construction to be placed on this clause of the contract is, that the purchaser was authorized and empowered by the vendors to enter into contracts with builders to furnish material and erect a building on the premises to which they held the legal title. If, therefore, the Hendersons authorized and empowered Sharp, the purchaser, to

Bohn Mfg. Co. v. Kountze.

cause a building to be erected on the property while the legal title was in them, upon what ground can they now, after the labor has been expended and materials furnished, claim that the mechanic who furnished the labor and materials which they, by contract, authorized, shall look alone to the title held by the purchaser? Certainly no principle of equity or fair dealing would sanction a precedent of that character. * * * The vendors, by their contract, have subjected their title to the property to the lien of the petitioner, and the decree properly, in our opinion, authorized a sale of the legal title, and a priority of payment to the petitioner." This case was afterwards approved by the same court in *Paulsen v. Manske et al.*, 18 N. E. Rep., 275.

In May, 1889, the supreme court of Minnesota in *Hill et al. v. Gill et al.*, 42 N. W. Rep., 294, upon similar facts, held that the lien of the mechanic attached to the interest of the vendor. The statutory provisions in Illinois and Minnesota, relating to mechanic's liens, are substantially the same as those in this state, and the decisions from those states are entitled to much weight.

There are cases holding a contrary doctrine, some of which are cited in the brief of appellee; but as they are contrary to the liberal rule of construction that has always prevailed in this state in construing the mechanic's lien law, we do not follow them. The rule we adopt is the most just and equitable.

The decree of the district court, in so far as it awarded the appellee Kountze the paramount lien on the premises, is reversed, and the decree will be modified in this court, making his lien junior to that of the mechanic lien holders. In all other respects the decree is affirmed.

DECREE ACCORDINGLY.

THE other judges concur.