Holmes v. Hutchins.

LEONIDAS K. HOLMES ET AL., APPELLANTS, V. JANE G. HUTCHINS ET AL., APPELLEES.

FILED JANUARY 3, 1894.    No. 5359.

1. **Mechanics' Liens**: MORTGAGES: PRIORITIES. The proviso in section 6, chapter 54, Compiled Statutes (the mechanic's lien law of the state), that "this law shall not be so construed as to interfere with prior *bona fide* liens on grounds on which such buildings shall be erected as a fixture," *held*, to forbid subordinating the priority of a recorded mortgage on such grounds to a subsequently attaching mechanic's lien.

2. ———: STATEMENT: DESCRIPTION OF LAND. One who claims the benefits of the mechanic's lien law must show a substantial compliance with each essential requirement thereof, one of which is that the sworn statement to be filed shall contain a description of the land upon which the labor was done or material was furnished for the purpose contemplated by such law. A description of property in such statement which is entirely inapplicable to the land actually benefited cannot be made effective to any extent for the purpose of subjecting the land actually built upon to the operation of the lien claimed.

3. ———: ———: RECORD OF LIEN: NOTICE. The binding force of the law creating and regulating mechanics' liens in favor of a lienor, as against a purchaser of the premises sought to be subjected to such lien, depends upon the required sworn statement being filed of record within the time fixed by the statute for that purpose. As between such parties, and for the purpose stated, the notice imparted by filing the prescribed statement is an essential prerequisite, the want of which can neither be supplied by other proof, nor supplemented by a decree of court.

4. ———: MORTGAGE PRIORITIES. The mere knowledge of a grantor that his grantee intends to build upon the lot which is the subject-matter of the conveyance between them will not operate to postpone the priority of a purchase-money mortgage in favor of such grantor to a mechanic's lien for material subsequently furnished for the erection of a building on said lot. To bring about this result, the grantor must in some manner be a promoter of the improvement contemplated.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

*J. R. Webster*, for appellant L. K. Holmes *et al.*:

The vendor who sells his property with stipulation that the vendee build, subjects his property to liens for such construction. This liability he cannot absolve by afterwards conveying and taking a mortgage for purchase money. By the mere device of circuity he cannot free the property of the equity of lien fastened upon it by his contract. (*Bohn Mfg. Co. v. Kountze*, 30 Neb., 719; *Rollin v. Cross*, 45 N. Y., 767; *Botsford v. New Haven, M. & W. R. Co.*, 41 Conn., 454; *Seitz v. Union Pacific R. Co.*, 16 Kan., 133; *Pickens v. Plattsmouth Investment Co.*, 37 Neb., 272; *Hill v. Gill*, 40 Minn., 443; *Paulsen v. Mausker*, 126 Ill., 78; *Henderson v. Connolly*, 123 Ill., 98; *Hackett v. Badeau*, 63 N. Y., 476; *Hilton v. Merrill*, 106 Mass., 528; *Smith v. Norris*, 120 Mass., 58; *Davis v. Humphrey*, 112 Mass., 309; *Bickel v. James*, 7 Watts [Pa.], 9; *Woodward v. Leiby*, 36 Pa. St., 437; *Keller v. Denmead*, 68 Pa. St., 449; *Clark v. Parker*, 12 N. W. Rep. [Ia.], 554; *Moore v. Jackson*, 49 Cal., 109; *Parker v. Bell*, 73 Mass., 429; *Weber v. Weatherby*, 34 Md., 661; *Tanner v. Bell*, 61 Ga., 584.)

As to lien covering two properties, the lien will not fail because the material was used in two separate buildings, nor because of error of description as to one of them. The mechanic's lien law is liberally construed, and was framed with view to get rid of all technical difficulties, and will

be construed and enforced to effect its purpose. (*Great Western Mfg. Co. v. Hunter*, 15 Neb., 36 ; *Rogers v. Omaha Hotel Co.*, 4 Neb., 59 ; *Knutzen v. Hanson*, 28 Neb., 595 ; *White Lake Lumber Co. v. Russell*, 22 Neb., 129 ; *Doolittle v. Plenz*, 16 Neb., 156 ; *Ballou v. Black*, 17 Neb., 398.)

The owner and mechanic, by convention between themselves, can bind the property, and subsequent purchasers with notice, or a vendee, by convention with his vendor, would be bound by it. It makes no difference whether the lien was good or not. It was assumed and made good by the convention of the parties. (*Kruger v. Harvester Co.*, 9 Neb., 533 ; *Skinner v. Reynick*, 10 Neb., 324 ; *Knutzen v. Hanson*, 28 Neb., 596 : *Keedle v. Flack*, 27 Neb., 839 ; *Cooper v. Foss*, 15 Neb., 520 ; *Koch v. Losch*, 31 Neb., 627.)

*S. L. Geisthardt*, for appellant Abner Heater :

There can be no mechanic's lien for materials furnished on a general account, solely on the credit of the person ordering them, even though they are afterwards used in the construction of a building on which a lien is claimed. (2 Jones, Liens, secs. 1326, 1327, 1330; *Holmes v. Richet*, 56 Cal., 307; *Talbott v. Goddard*, 55 Ind., 496; *Crawfordsville v. Brundage*, 57 Ind., 262; *Campbell v. Furness*, 1 Phila. Rep., 372; *Wisconsin Planing Mill Co. v. Grams*, 72 Wis., 275.)

There can be no mechanic's lien on separate and disconnected parcels, by virtue of a general claim filed jointly against all, without a separation of the items so as to show what materials are justly chargeable to each parcel. (Phillips, Mechanics' Liens, secs. 376, 377, and cases cited; *Chapin v. Persse*, 30 Conn., 461; *Girard P. S. Co. v. Southwark F. Co.*, 105 Pa. St., 248; *Morris County Bank v. Rockaway Mfg. Co.*, 14 N. J. Eq., 193, 16 N. J. Eq., 150; *Dalles L. & M. Co. v. Wasco W. M. Co.*, 3 Ore., 527 ; *Gor-*

*gas v. Douglas*, 6 S. & R. [Pa.], 512; *Weaver v. Sells*, 10 Kan., 609.)

A substantial compliance with the statute is a condition precedent of a mechanic's lien. The recorded statement must, with substantial accuracy and certainty, describe the property upon which a lien is claimed. (2 Jones, Liens, secs. 1389, 1391, 1421; Phillips, Mechanics' Liens, secs. 377, 378, 386; *Meyer v. Berlandi*, 39 Minn., 438; *Lindley v. Cross*, 31 Ind., 109; *Knox v. Starks*, 4 Minn., 7; *White Lake Lumber Co. v. Russell*, 22 Neb., 129; *Girard P. S. Co. v. Southwark F. Co.*, 105 Pa. St., 248.)

An error in the statement claiming a mechanic's lien cannot be corrected, nor an omission supplied, after the expiration of the time for filing the claim. A mechanic's lien claim is not an instrument which can be reformed by a court of equity. The court cannot dispense with a compliance with the statute, or create a substitute. (2 Jones, Liens, secs. 1389, 1390, 1391; Phillips, Mechanics' Liens, sec. 386; *Meyer v. Berlandi*, 39 Minn., 438; *Lindley v. Cross*, 31 Ind., 109; *Simpson v. Murray*, 2 Pa. St., 76.)

A mechanic's lien cannot be created by agreement or convention between the parties. (*Lyon v. Elser*, 72 Tex., 304.)

*Samuel J. Tuttle*, for appellee Clark & Leonard Investment Company *et al.:*

In our state the lien of a mechanic dates from the commencement of labor or furnishing of material. (Comp. Stats. Neb., ch. 54; *Choteau v. Thompson*, 2 O. St., 114.)

The mechanic's lien law cannot be so construed as to interfere with prior *bona fide* liens on grounds on which the building shall be erected as a fixture. (Comp. Stats. Neb., ch. 54, sec. 6.)

The fact that the mortgage was made in contemplation of building, and the money covered thereby was to be advanced from time to time, does not render the interest of the mortgagee inferior, or postpone the lien of the mortgage

to mechanics' liens attaching after the registration of the mortgage. (*Platt v. Griffith*, 27 N. J. Eq., 207; *Moroney's Appeal*, 24 Pa. St., 372; *Taylor v. La Bar*, 10 C. E. Greene [N. J.], 222; *Macintosh v. Thurston*, 10 C. E. Greene [N. J.], 242; *Martsolf v. Barnwell*, 15 Kan., 461.)

Our law provides that the contract, the basis of the lien, must be made "with the owner." A mortgagee is not an owner within the meaning of the statute. (*McHugh v. Smiley*, 17 Neb., 623; *Fuquay v. Stickney*, 41 Cal., 583; *Hazelton v. Webb*, 4 Neb., 308.)

*John H. Ames*, for appellee Emma H. Holmes, administratrix, on the question of priority of the purchase-money mortgage over the mechanics' liens, cited: *Hill v. Aldrich*, 50 N. W. Rep. [Minn.], 1020; *Haupt Lumber Co. v. Westman*, 52 N. W. Rep. [Minn.], 33; *Martsolf v. Barnwell*, 15 Kan., 612; *Chicago Lumber Co. v. Schweiter*, 45 Kan., 207; *Taylor v. La Bar*, 25 N. J. Eq., 222; *Newark Lime & Cement Co. v. Morrison*, 13 N. J. Eq., 133; *Bridwell v. Clark*, 39 Mo., 170; *Hoover v. Wheeler*, 23 Miss., 314; *Morse v. Dole*, 73 Me., 351; *Brown v. Morison*, 5 Ark., 217; *Getto v. Friend*, 46 Kan., 24.

*Lamb, Ricketts & Wilson, Davis & Hibner, Mockett, Rainbolt & Polk*, and *Harwood, Ames & Kelly*, for other appellees.

RYAN, C.

1. Leonidas K. Holmes and the First National Bank of Lincoln began this action against Jane G. Hutchins and C. H. Hutchins, as the owners of lot 12, in block 41 of said city, and the west half of lot 13 in Little & Alexander's subdivision of lot 63 of S. W. Little's subdivision of the west half of the southwest quarter of section 24, township 10, range 6 east. The other defendants named were originally joined by reason of having claims for, and liens upon, the above described property, with such exceptions

as will demand separate notice by reason of special circum-stances. The First National Bank of Lincoln was joined as plaintiff with Leonidas K. Holmes solely by reason of having obtained under Holmes a right to payment out of the proceeds of such recovery as said Holmes might ulti-mately be decreed entitled to. The action, therefore, in general terms, should be treated as—in effect it simply was—an action on behalf of Leonidas K. Holmes against the real property above described for the enforcement of a lien under our mechanic's lien law, by reason of his having furnished material for the erection of buildings thereon. While there were many liens adjudicated by the judgment of the trial court, there are but two defendants with whom Leonidas K. Holmes has serious contention in this court. One of these adversaries is the representative of W. W. Holmes, who died while this action was pending; the other is Abner Heater.

2. The petition contained all proper and necessary aver-ments for the foreclosure of a mechanic's lien as against the real property involved. In respect to the claim of L. K. Holmes for a lien, which was filed in the proper office on July 13, 1889, against lot 12, block 41, above named, there was a sufficient compliance with the statute to entitle the claimant to a lien thereon from the date of furnishing the first material described, to-wit, March 1, 1889. The con-tract, in pursuance of which the materials were furnished by L. K. Holmes, was, as he averred, with J. G. and H. C. Hutchins, the owners of the property sought to be sub-jected to the lien. In respect to the rights and interest of the defendant W. W. Holmes, who was living when the petition was filed, the sole allegations of the petition were as follows: "The other defendants, the Clark & Leonard Investment Company, Pennsylvania Company of Insurance on Lives, Philadelphia Mortgage & Trust Company, Badger Lumber Company, National Lumber Company, and W. W. Holmes, are holders of sundry mortgages on portions.

of said premises,  *  *  *  some of them having liens on one piece only of said property, and some on both pieces of property; and they are therefore made defendants to this action.   The exact amount and the priority of the liens in said property claimed by said defendants, if any amount is due, the plaintiff is unable accurately to state."   The prayer of the petition was (omitting language not now necessary to quote) as follows: " Wherefore the plaintiff prays the court that an accounting may be taken of and concerning the liens on said property, and the amount due the plaintiff may be ascertained, as well as the amounts due the several defendants, and that the priority of the liens may be adjudicated and determined; and that unless the sum due the plaintiff be paid by a short day to be named by the court, that said premises be sold and the proceeds applied by the court to pay the liens in the order of their priority; that in the meantime a receiver may be appointed to take charge of said property and collect the rents thereof, and to hold the same subject to the order of the court, to be applied in proportion on the liens on said property in the order of their priority,  *  *  *  and for such other, further, or different relief as plaintiff in equity is entitled to have, and for costs."   The mortgage to W. W. Holmes was of date February 19th, 1889, and was filed for record two days thereafter, and, as already observed, the first item furnished by L. K. Holmes was March 1st following.

Tested by these considerations alone, the mortgage to W. W. Holmes created in his favor the first lien.   It is insisted, however, that this order of priority is reversed by the fact that W. W. Holmes sold the lot in question with the expectation, and it might further be said with the hope, that a building, which he expected would be erected on the lot in question by the grantees, would give increased value to the property upon which his mortgage operated as a lien. The case of *Bohn Mfg. Co. v. Kountze*, 30 Neb., 719, is con-

fidently relied on as sustaininig the views contended for, and it is likewise insisted that *Pickens v. Plattsmouth Investment Co.*, 37 Neb., 272, reinforces the contention made on this head. In the case last referred to it was said that the company making the conveyance probably had knowledge of the design of the grantee to boom the property conveyed by the erection thereon of the Park House. Whether or not the grantor company was more directly interested than to the extent of having knowledge of the design ascribed to grantee company was, in the opinion, declared to be the question essential to the determination of the appeal under consideration. As to this very important proposition it was said: "It seems to us, upon a review of all the facts in the case, that the conclusion is unavoidable that these companies were engaged in a joint enterprise, to-wit, the booming of this property; that in furtherance of the interest of both parties this contract was made for the erection of the Park House by the Plattsmouth Investment Company, as well as by the Plattsmouth Land & Improvement Company," the grantor and grantee companies above referred to. The decision of the case from which we have just quoted was based upon the conclusion reached; *i. e.,* that the two companies were really participants in the erection of the Park House for the furtherance of the interests of both companies; that one was more obviously so than the other, being the only real difference. In *Bohn Mfg. Co. v. Kountze, supra,* the action was against Herman Kountze, the owner of the fee, and Z. B. Berlin, the equitable owner, in possession under a contract of purchase with Kountze. This contract contained the following provisions: "And it is hereby expressly understood and agreed, and is a part of the consideration for the sale of said lot to said Z. B. Berlin, that the said Z. B. Berlin agrees and binds himself, his heirs, executors, and assigns, to build, or cause to be built, on said lot a good, substantial, new dwelling house, costing not less than twenty-five hun-

dred dollars, and if more than one dwelling is erected on said lot, then each such dwelling shall cost not less than twenty-five hundred dollars, exclusive of all other improvements that may be put on said lot, such house or houses to be built on good substantial brick or stone foundations. The said dwelling shall be commenced within eight months from the date hereof, and be fully completed within twelve months from the date hereof, time being of the essence of this contract, and the improvements provided for being a part of the consideration to be paid for said lot. Therefore, should said Z. B. Berlin for any reason fail or neglect to build such building as herein provided for, and within the time specified, then, at the option of said first party, and for the reason that said improvements have not been made as stipulated, this contract may be declared forfeited by said first party, with all the penalties herein provided for." In addition to the provisions contained in the language just quoted, the contract provided that upon request Kountze would advance not to exceed $2,200, to be used in paying for labor and material for use in the house required to be built, said money to be subject to check by Berlin as soon as Kountze should receive notice of the commencement of work on the building. These checks were required to be countersigned by Kountze before the bank upon which they were drawn should be authorized to pay them. The conveyance by warranty deed, contemplated by the contract, was only to be made upon full compliance with the several terms of the contract, time being of the essence of the contract. In the consideration and determination of this case no new doctrine of law was announced. It was simply held that the facts of that case constituted such a relation between the parties to said contract that the interest of each of such parties in the property thereby required to be improved was liable as the interest of an owner under the provisions of the mechanic's lien law. The contract itself required Berlin to build upon the land, Kountze in the

43

meantime holding the title; and it was not in violation of this language, rather ·the contrary, to assume that in this manner, as owner, Kountze authorized the erection by him required. If, as the court found, Kountze was privy to the contract for the erection of a building on the premises, the legal title of which ·was in himself, his interest in the land was directly affected by the provisions of the mechanic's lien law in force, because, as an owner, he had in effect contracted for the material and labor indispensable to the building of the house required to be erected.

A quotation relative to this case from the opinion in Pickens v. Plattsmouth Investment Co., supra, though it may be open to the objection that it is a vain repetition, has at least the advantage that it cannot be considered as a new departure from propositions of law previously recognized and enforced. With no other apology, therefore, the following language is reproduced : "By this it was not held that where the owner of the land sells it, and simply takes back a mortgage for the purchase price without in any way becoming a party to a contract for the erection of improvements, one who furnishes materials or labor upon a contract with the vendee alone can assert thereon a lien superior to that of the said mortgage duly recorded. Quite to the contrary it has recently been held by this court, in Henry & Coatsworth Co. v. Fisherdick, 37 Neb., 207, that where one furnishes money to build a house, for which he took a mortgage upon the premises whereon the erection was to be made, the record of such mortgage gave it a priority to the rights of material-men and mechanics who began to confer value upon the mortgaged property after the record of the mortgage. To subject a vendor's rights in the subject-matter of the sale to the claim of a mechanic's lienor it must appear that, with respect to the value conferred by the labor or material of such lienor, there was a privity of contract through the vendee between the vendor and such lienor. This privity will not be im-

plied from the mere fact that the mechanic's lienor, upon the faith of a contract between himself and such vendee, furnished labor or material; it must be established by the proofs, or be as fairly inferable from the facts as any other independent fact or proposition."

The same result is reached upon a careful consideration of the pleadings in the case at bar. It has already been shown that the petition was one solely for the foreclosure of a mechanic's lien. It contained no averment of any agreement or understanding between W. W. Holmes on the one part and J. G. and H. C. Hutchins on the other, that the latter were even expected, much less required, to erect a building upon the premises sold to them.

The deed of W. W. Holmes, and the mortgage back for security of the purchase price unpaid, embraced all understandings between the parties, and in them was contained no intimation of any such relation as was shown to exist between the parties to the contract described in *Bohn Mfg. Co. v. Kountze, supra;* hence any proof to establish that relation was irrelevant as well as immaterial. This want of averment is not cured by the reply of L. K. Holmes, which was in the following language: " Now come the said plaintiffs, and for reply to the answer and cross-petitions of the several parties hereto deny all new matter set up therein and allege said W. W. Holmes sold said lot 12, in block 41, to C. H. Hutchins and Jane G. Hutchins with condition and obligation to build thereon, and Clark & Leonard Investment Company made said loan with obligation and agreement to build, and thereby subjected their interests to the lien of the plaintiff." It is not the province of a reply to introduce a new or different cause of action from that stated in the petition. (*Savage v. Aiken,* 21 Neb., 605; *Hastings Sch. Dist. v. Caldwell,* 16 Neb., 68.) The averments of the petition, even if each is conceded true, only entitle the plaintiff to the foreclosure of a mechanic's lien. The action being therefore reduced to a contest be-

tween the claimant of a mechanic's lien on the one hand, and the holder of a mortgage, the lien of which had attached before the mechanics' lien had its existence, on the other, as against the lot mortgaged, improved, and sought to be subjected to the payment of both claims, it would seem that the proviso closing section 6, chapter 54, Compiled Statutes, is not wholly irrelevant. This section, it is true, refers in the main to the power of the court in which foreclosure proceedings are pending to cause the property sought to be affected by the mechanic's lien being foreclosed to be leased *pendente lite.* At the close of the section, however, is this language: "*Provided,* This law shall not be so construed as to interfere with prior *bona fide* liens on grounds on which such buildings shall be erected as a fixture." As this language is properly applicable to the whole law regulating mechanics' liens and their enforcement, is contained in the very statute under which such lien claimants derive their rights and remedies, and is but the enunciation of a rule just in itself, it must be held an inhibition on the power of courts to postpone to mechanics' liens prior existing valid liens on grounds on which improvements have subsequently been made. It follows from all these considerations that the district court properly held the lien of the mortgage to W. W. Holmes paramount to that of Leonidas K. Holmes for materials furnished.

3. It is not required that what has already been said as to the general purport of the petition of L. K. Holmes should be repeated. After reciting the filing of an itemized statement of account for material furnished for use in the erection being made upon said lot, the petition referring to said filed statement used the following allegation:

"In the drafting of said mechanic's lien the scrivener, by whom said lien was drawn, erroneously described one of said lots in this: that in said lien was written 'Richards' subdivision of lot 64' instead of 'Little & Alexander's subdivision of lot 63,' which was intended and was the real

description of said property, and the error was not discovered until on or about the 11th day of September, 1890; but the said building on the west half of lot 13 of Little & Alexander's subdivision of lot 63 of Little's subdivision carried prominently upon its front the names of J. G. and C. H. Hutchins, and was known as 'Hutchins Block,' and was the only building owned by the said J. G. and C. H. Hutchins on the north side of O street between Fourteenth and Seventeenth streets, and was the only brick building owned by J. G. and C. H. Hutchins anywhere in Little's subdivision of the west half of the southwest quarter of said section 24; and the said J. G. and C. H. Hutchins are still the owners of said property, and the rights of no innocent purchaser have attached, and all parties claiming an interest in said property have obtained the same with full notice of plaintiff's rights."

A part of the prayer of said petition has already been set out and needs now only to be referred to for consideration in connection with the remainder of said prayer, which, referring to the above erroneous description, was as follows:

"That at the hearing of this cause the erroneous description in said lien may be corrected, and said lien held and adjudged to be a good and valid lien upon the west half of lot 13, in Little & Alexander's subdivision of lot 63 of Little's subdivision of the west half of said section 24, instead of lot 13 in Richards' subdivision of lot 64 of Little's subdivision as in said lien written; and that the rights of the plaintiff therein may be saved to him, and the proceeds of said lien be applied on said note of $3,400 and interest; and that in event said reformation be not granted by the court, that the defendants having liens upon both pieces of property may be required to first exhaust the piece of property on which the plaintiff is not permitted to have a lien, so that the plaintiff's security may be impaired as little as may be by such mistake in description;

and for such other, further, or different relief as plaintiff in equity is entitled to have, and for costs."

There was proper issue joined in respect of the matter of the erroneous description above alleged, and in respect to this branch of the case the action of the court is thus recited in a journal entry, which constitutes part of the record:

"This cause came on for hearing on the motion of the plaintiff to correct the entry of the findings and decree heretofore made in this cause and was submitted to the court, on due consideration whereof the court finds that at the rendition of the decree heretofore entered herein, to-wit, on November 27, 1891, and of record in Journal X at page 597, it was actually determined and found by the court that a part of the real estate on which plaintiff claims a mechanic's lien is correctly described as the west half of lot 13, in Little & Alexander's subdivision of lot 63 of S. W. Little's subdivision of the west half of the southwest quarter of section 24, township 10, range 6 east; that in drafting the mechanic's lien of plaintiff mentioned in the petition, the scrivener by whom the same was drawn, in writing said description, erroneously used the words 'Richards' subdivision of lot 64' instead of 'Little & Alexander's subdivision of lot 63,' as was by plaintiff intended to be written, and which was the true and proper description of said property; that the building upon the west half of said lot 13 bore prominently upon its front the names of J. G. and C. H. Hutchins, and was known as the 'Hutchins Block,' and was the only building owned by J. G. and C. H. Hutchins in Little's subdivision of the west half of the southwest quarter of said section 24; that said J. G. and C. H. Hutchins were still owners of said property at the commencement of this suit; that defendant Heater purchased said premises from said J. G. and C. H. Hutchins since the commencement of this suit, and the sum of $1,700 and accrued interest on account of the plaintiff's claim of

mechanic's lien was deducted from the purchase price as a part of the consideration by him paid, and that plaintiff is entitled to have the said error in his mechanic's lien corrected ; but that in entering up said decree all of the said findings of fact so determined by the court were, by inadvertence and mistake, omitted therefrom.

"It is therefore considered and ordered by the court that the entry of said findings and decree be corrected and reformed so as to include the said findings, and to correct plaintiff's mechanic's lien as follows: A part of the real estate on which plaintiff claims a mechanic's lien is correctly described as the west half of lot 13 in Little & Alexander's subdivision of lot 63 of S. W. Little's subdivision of the west half of the southwest quarter of section 24, township 10, range 6 east; that in drafting the mechanic's lien of plaintiff mentioned in the petition, the scrivener by whom the same was written erroneously used the words 'Richards' subdivision of lot 64' therein instead of said 'Little & Alexander's subdivision of lot 63,' as was by plaintiff intended to be written, and which was the true and proper description of said property ; that the building on the west half of said lot 13, on which plaintiff claims a mechanic's lien, bore prominently upon its front the names of J. G. and C. H. Hutchins, and was known as 'Hutchins Block,' and was the only building owned by J. G. and C. H. Hutchins in Little's subdivision of the west half of the southwest quarter of said section 24; that said J. G. and C. H. Hutchins were still owners of said property at the commencement of this suit; that defendant Heater purchased said premises from said J. G. and C. H. Hutchins since this suit was commenced, and the sum of $1,700 and accrued interest, on account of the plaintiff's claim of mechanic's lien, was deducted from the purchase price thereof as a part of the consideration by him paid therefor, and that the plaintiff is entitled to have the said error in his mechanic's lien corrected.

"It is further considered by the court that the error in the description of said premises appearing in the mechanic's lien of plaintiff be corrected and reformed so as to read 'Little & Alexander's subdivison of lot 63' instead of 'Richards' subdivision of lot 64,' as erroneously written, and that said decree in all other respects stand as heretofore entered.   To all of which defendant Heater excepts."

The appellant, Abner Heater, contends that the court, in a proceeding of this kind, had no authority to subject to the mechanic's lien claimed by L. K. Holmes the half of the lot against which the claim for a lien by being reformed was made operative, the said Heater in the interim having purchased the property thus subjected to the claim of L. K. Holmes.   It is insisted by counsel for L. K. Holmes that as Heater bought the property with the constructive knowledge of the pendency of a suit to reform the erroneous description alleged necessarily incident to filing a notice *lis pendens*, the reformation of the claim for a lien decreed as prayed became as fully operative against Heater as though the original filing of the claim for a lien was as void of mistake as it was after its reformation by the court.   Without doubt the mechanic's lien law should receive a liberal construction with a view to effectuate the remedy given by statute.   In the early history of legislation upon this subject, courts seemed hostile to the remedies given by this statute, and were astute in discovering means whereby its operation might be avoided.   In this respect other innovations by statute have met with as little encouragement, as in respect to the statute of limitations and others that might be cited.   The most noted instance of this kind was the opposition to the adoption of the code of civil procedure in the several states wherever it has been adopted, notably in the early legislation on that subject.   In many adjudications under such innovations of statute it was necessary again and again to insist that the several statutes enacted, being remedial in their nature, should receive a liberal con-

struction to effectuate the remedies provided.    It has never been held, so far as we are aware, that in aid of such statutes new rights were by the court to be created, nor existing rights deemed destroyed.    It is but equitable that one shall be recompensed for his labor or material contributed for the improvement of the property of another.    (*Miller v. Hollingsworth*, 36 Ia., 163.)    The mechanic's lien law recognizes this equity of the contributor as against the property benefited for the repayment of the value of his contribution.    The provisions of the mechanic's lien law, aside from the recognition of this equity, are devoted, first, to the manner of enforcing the right recognized, and second, to providing for the protection of third parties in respect to notice of this claim for remuneration.    For the period of four months from the date of the last item furnished, the progress of the work, or its recent completion, is supposed to impart ample notice that the laborers and material-men contributing to the erection have a lien on the property thereby rendered more valuable.    If such material-man or laborer desires to prolong his lien for two years, he is required only to file a sworn statement containing such facts as would fully advise the public of the nature and amount of his lien, as well as indicate the property thereby to be affected.    Within the four months given the notice is chargeable upon presumed ocular observation; after the expiration of that time it is implied from an *ex parte* statement, sworn to, and filed in a public office as one of its records.    This recorded statement creates no new rights as against third parties; it only gives constructive notice to them of a claim to a lien recognized by the statute; and by giving such notice the right to enforce the lien claimed is perpetuated for two years.    If the required statement is not filed, or if it is so defective as not to impart notice of the property sought to be charged, there survives after the four months no right to such lien as against purchasers. As to third parties, the filing of the statement entitling to

a lien is a matter of substance with which there must be a substantial compliance to entitle to the enforcement of the lien claimed as against third parties dealing with the property sought to be charged. (Jones, Liens, secs. 1389 *et seq.;* Phillips, Mechanics' Liens, sec. 378; *Lindley v. Cross,* 31 Ind., 109; *Knox v. Starks,* 4 Gil. [Minn.], 7; *Simpson v. Murray,* 2 Pa. St., 76; *White Lake Lumber Co. v. Russell,* 22 Neb., 129.)

In *Keith v. Tillford,* 12 Neb., on page 273, occurs this language of COBB, J.: "There can be no doubt of the correctness of the proposition to which plaintiffs in error cite numerous authorities, that where the statute confers a right and prescribes adequate means of protecting it the proprietor of the right is confined to the statutory remedy." In *Simpson v. Murray, supra,* it was held that where a mistake of the nature of that made in filing the statement of L. K. Holmes had originally been made, it could not be cured in *scire facias* or other proceedings to enforce the lien claimed. It seems therefore, ordinarily, to result that as between L. K. Holmes and Abner Heater, the filing of such a defective statement as was filed could not be cured by evidence of actual notice to Heater that Holmes claimed such a lien, nor from such notice as was necessarily implied by the pendency of a suit to reform the contents of such statement to a compliance with the statute.

4. It is insisted, however, that part of the consideration for the conveyance of this property to Heater was his agreement to pay this claim of L. K. Holmes. In the deed of conveyance to Heater it was recited that he assumed and agreed to pay all liens and incumbrances upon the property conveyed. It has already been shown, however, that this was neither a lien nor an incumbrance upon the property; hence, this language does not bind Heater to pay the claim of L. K. Holmes. The finding of the trial court was not that Heater assumed or agreed to pay the claim of L. K. Holmes, but it was that as part of the

consideration paid for the property Heater deducted $1,700 and accrued interest on account of the claim of L. K. Holmes to a mechanic's lien. It is not at all clear from this finding whether a right of action exists in favor of any one for the recovery of this $1,700 and accrued interest. The most natural inference to be drawn from the language used is, that if such cause does exist, it is rather in favor of Heater's grantors than in favor of the holder of the alleged lien, for there is no proof of an agreement by him to assume, become liable for, or pay this claim made by L. K. Holmes. The finding goes as far as the evidence justifies, and upon it L. K. Holmes could base no right of action against Heater. If such right of action existed, however, between the parties to whom reference has just been made, it would not justify granting the relief sought by the petition in this case, for, as already noted, that relief was confined to the enforcement of a mere lien against the property for the payment for material furnished upon a contract with J. G. and C. H. Hutchins. Incidentally, to be sure, the reformation of the statement filed for such lien was sought, and yet the relief was solely the enforcement of a specific lien. There was no prayer for a personal judgment against Heater, as there should have been to sustain any proper claim for relief founded upon his alleged liability for the amount of this lien. Indeed, there was no averment from which it could be inferred that Heater was at all personally liable. It may be possible that Heater assumed payment of this claim of L. K. Holmes as part of the consideration, and in an action for the recovery of the same upon the said undertaking of Heater that he should be held liable, but upon this proposition no guess will be hazarded, for it would be foreign to any issue tendered or joined in this case, to say nothing of the unsatisfactory nature of the proof to justify it. Clearly, however, the decree rendered in favor of L. K. Holmes as against the west half of lot 13, in Little & Alexander's

subdivision of lot 63 of S. W. Little's subdivision of the
west half of the southwest quarter of section 24, township
10, range 6 east, sixth P. M., must be reversed and said
half lot adjudged the property of Heater, free of any lien
in favor of L. K. Holmes. For the reasons given, the
judgment of the district court is reversed and a decree di-
rected, in this court in accordance with this opinion.

DECREE ACCORDINGLY.