G. C. JAMESON & SONS, Appellants, v. R. S. GILE AND
E. S. ELLSWORTH.

**Mechanic's Lien:** OWNER. One in possession of land, under a contract for its purchase, requiring him to build a house worth not less than a specified amount, and providing that all improvements on the land should remain thereon until final payment, and that
3  on a failure to make the payments agreed, the premises should revert to and revert in the vendor, is the "owner," within Iowa Code, section 2130, giving a lien for materials furnished for the construction of a building, by virtue of any contract with the "owner," and Miller's Iowa Code, section 2136, defining the owner as any person for "whose immediate use or benefit" any building is constructed.

EFFECT OF FORFEITED LAND CONTRACT. A provision in a contract for the sale of land for improvement and cultivation, that the
1  improvements shall not be removed until full payment for the
2  land is made, and that in case of non-payment the purchaser shall
4  have no right to claim compensation for improvements, does not affect the right to a lien on the building constructed thereon, for materials furnished for use therein, under a contract with such purchaser, because of Miller's Iowa Code, section 2135, sub-division 4, providing that liens for materials shall attach to the buildings for which they are furnished in preference to any prior liens or incumbrance on the land.

*Appeal from Wright District Court.*—HON. D. R. HIND-
MAN, Judge.

SATURDAY, MAY 23, 1896.

ON July 19, 1894, plaintiffs commenced this action in equity to establish and foreclose a mechanic's lien, for lumber furnished to defendant Gile, for the erection of a dwelling house, on certain land described. The defendant Ellsworth alone, answered. Default and judgment for five hundred and fifty-four dollars and eighty-four cents were entered against Gile, and

plaintiffs' claim for a mechanic's lien was denied. Plaintiffs appeal.—*Reversed*.

*Peterson & Humphrey* for appellants.

*Nagle & Nagle* for appellees.

GIVEN, J.—I. The case was submitted upon an agreed statement of facts, in substance as follows: On, and prior to December 11, 1891, Mr. Ellsworth was the owner of the land described, and on that day he entered into a written contract with Mr. Gile for the sale of the land. Gile took possession, under the contract, and about November 17, 1892, made a parol contract with the plaintiffs, by which they furnished him lumber and materials for the construction of a dwelling house on said land, to the amount claimed, and which were used by Gile in the erection of a dwelling house thereon, in a substantial manner, upon a stone foundation, suitable as a dwelling house for said Gile. About the thirteenth day of May, 1893, plaintiffs filed their statement in due form for a mechanic's lien, for the full amount of the materials furnished, no part of the price thereof having been paid. Gile failed to pay any part of the deferred purchase price of said land, or the interest thereon, and about the sixteenth day of August, 1894, Ellsworth duly declared said contract of purchase forfeited. At that time the purchase price and interest amounted to two thousand eight hundred dollars, and Mr. Gile was still in possession. The consideration was two thousand five hundred and sixty dollars, of which one hundred and sixty dollars was paid, and promissory notes executed for the balance. The contract recites that the land was sold to Gile "for improvement and cultivation," and provided that, among other improvements, Gile should "build a

house worth not less than two hundred and fifty dollars," and that all improvements placed upon the land should remain thereon, and not be removed or destroyed until final payment for the land. Said contract also provides that, for a failure to make the payments as agreed, Ellsworth might declare the contract null and void, and that in that case all interest of Gile should terminate, and the premises should revert to and revest in Mr. Ellsworth, "without any right of said second party for reclamation or compensation for moneys paid or improvements made."

II. There is no question but that appellee Ellsworth had the right to, and did, declare the contract for the sale of the land forfeited, and that thereby Mr. Gile lost all interest therein; nor is it questioned but that the plaintiffs are entitled to a mechanic's lien for the amount claimed, unless that right is defeated by the forfeiture of said contract. Plaintiffs' counsel state their claim as follows: "We therefore conclude: That the plaintiffs' lien attached—*First*, to the dwelling house unconditionally; and, *second*, to the land and other improvements thereon, subject to the rights conferred upon the appellee by the Gile contract. That the exercise by the appellee of the right of forfeiture conferred by said contract had no effect whatever upon plaintiffs' primary lien upon the dwelling house, but did foreclose and terminate their right to a lien upon the land and other improvements." It will be observed that plaintiffs simply claim a lien upon the dwelling house. Appellee Ellsworth contends that the house had become a part of the real estate at the time of the forfeiture, and, under the contract, passed with it to him, by reason of the forfeiture; that plaintiffs' lien could only attach to the interest that Gile had; and that, by the forfeiture, that contingent interest in both the land and the house was terminated.

As stated by appellee, we have the single question whether, under the law and facts the plaintiffs are entitled to a mechanic's lien upon the dwelling house, with the right to sell and remove the same. Under section 2130 of the Code, a lien is only given when the labor has been done, or materials, machinery, or fixtures furnished, "by virtue of any contract with the owner, his agent, trustee, contractor, or subcontractor." The lien is "upon such building, erection, or improvement, and upon the land belonging to such owner on which the same is situated." Section 2136 of Miller's Code, is as follows: "Every person for whose immediate use or benefit any building, erection or other improvement is made, having the capacity to contract, including guardians of minors, or other persons, shall be included in the word 'owner' thereof." This building was undoubtedly erected for the "immediate use and benefit of Mr. Gile." By the contract with Ellsworth, he agreed to build it, and the agreed statement of facts shows that it was suitable for a dwelling house for Mr. Gile, and that he was in possession up to and at the time of the hearing below. We think that, under the contract of purchase, Mr. Gile was "owner," within the meaning of section 2130, as defined in section 2136. Gile had such an interest in this land as entitled him to place this improvement thereon. True, his interest in the land was contingent; but it was sufficient to sustain the lien, subject to the right to forfeit the contract. In the absence of a forfeiture, there could be no question of plaintiffs' right to a lien upon both land and building. *Stockwell v. Carpenter*, 27 Iowa, 120; *Monroe v. West*, 12 Iowa, 119; *Oliver v. Davis*, 81 Iowa, 287 (46 N. W. Rep. 1000); *Estabrook v. Riley*, 81 Iowa, 479 (46 N. W. Rep. 1072). Gile did not purchase the building, as he did the land, but agreed to erect it, not as a part of, or in payment of the consideration,

but rather as a security that the consideration would be paid. True, the contract provides that improvements shall not be removed until full payment for the land has been made, and that, in case of forfeiture, Gile should have no right to claim compensation for improvements; but this will not defeat plaintiffs' right to a lien on the building, if they are otherwise entitled to it. Sub-division 4, of section 2135, of Miller's Code, contains the following: "The liens for the things aforesaid, or the work, including those for additions, repairs and betterments, shall attach to the buildings, erections or improvements, for which they were furnished or done, in preference to any prior lien or incumbrance or mortgage upon the land upon which such erection, building or improvement belongs, or is erected or put." Further provision is made as to how the property may be disposed of in such cases, to satisfy the liens. Let it be conceded, that appellee owned the land, subject only to Gile's right to have it, upon making full payment; yet, surely, he did not own the building, as he neither built nor purchased it. He had, at most, but a lien upon it under the contract. Gile was the owner of the building up to, and at the time the forfeiture was declared. Plaintiffs' lien had attached to it prior to the forfeiture, and they were not divested of it by the forfeiture.

It would be contrary to the spirit of the mechanic's lien law to deny to these plaintiffs a lien upon this building, and give it to appellee, under his forfeiture of the contract. With the ownership of the land in appellee, and of the building in Gile, the building, however constructed, did not so become a part of the real estate as to defeat plaintiffs' lien, nor to entitle appellee to it free from that lien. We think the district court erred in denying the plaintiffs a lien upon the dwelling house for the amount claimed. The decree is therefore REVERSED.