SCHOENEMAN LUMBER COMPANY, Appellee, v. C. O. DAVIS et al., Appellees; E. M. WARD, Appellant.

**MECHANICS' LIENS:** Priority—Improvement by Vendee. A mechanic's lien for an improvement erected by a vendee cannot have precedence over the vendor's lien and claim for the unpaid purchase price when the improvement was not for the vendor's "use or benefit," and when, in its last analysis, the vendor simply knew that the vendee was making the improvement. (See Book of Anno., Vol. 1, Sec. 10287, Anno. 50 *et seq.*)

**MECHANICS' LIENS:** Right to Lien—Scope of Term "Owner." The term "owner," under the Mechanic's Lien Statute, embraces not only an "owner" in the ordinary acceptance of such term, but "every person for whose use or benefit" an improvement is made. (See Book of Anno., Vol. 1, Ch. 451.)

Headnote 1: 27 Cyc. p. 252. Headnote 2: 27 Cyc. pp. 53, 61.

*Appeal from Woodbury District Court.*—A. O. WAKEFIELD, Judge.

OCTOBER 27, 1925.

ACTION in equity to foreclose a mechanics' lien. Decree as prayed, and the defendant E. M. Ward appeals.—*Reversed.*

*Edwin J. Stason,* for appellant.

*Milchrist, Jepson, Pitkin & Jepson,* for appellee.

STEVENS, J.—This is an action in equity to foreclose a mechanics' lien upon Lots 7 and 8 in Block 1, Hillcrest Addition to Sioux City. On August 9, 1920, E. M. Ward, who was then the owner of the property, entered into a contract in writing with C. O. and Della Davis, husband and wife, agreeing to convey the same to them in consideration of the payment of $1,500,—$100 to be paid on the execution of the contract,- and the balance in monthly payments of $25 per month,—all deferred payments to draw interest at 6 per cent per annum, payable semiannually, deed to be delivered upon final payment. The vendees were in possession of the premises, on which a small house or shack and a frame barn were situated, at the time the contract was executed, as tenants. During their occupancy, subsequent to the date of the contract, the barn was torn down, and used, with material purchased by vendees of appellee, in the rebuilding and enlarging of the house.

1. MECHANICS' LIENS: priority: improvement by vendee.

The right to a mechanics' lien in this state is purely statutory, and, under the provision of Section 3089 of the Code of 1897 (Section 10271, Code of 1924), arises out of a contract with the "owner, his agent, trustee, contractor or subcontractor." The term "owner" is defined by Section 3096 of the Code of 1897 (Section 10270, Code of 1924), as:

2. MECHANICS' LIENS: right to lien: scope of term "owner."

"Every person for whose use or benefit any building, erection or other improvement is made, having the capacity to contract, * * * shall be included in the word 'owner' as used in this chapter."

This term is held in this state to include a vendor who inserts in a contract of sale a specific provision requiring the vendee to erect improvements upon the premises, or contemplating his doing so. *Jameson & Sons v. Gile,* 98 Iowa 490; *Kimball*

*Bros. Co. v. Fehleisen,* 184 Iowa 1109; *Veale Lbr. Co. v. Brown,* 197 Iowa 240. This is the general rule, and obtains in most jurisdictions. *Westport Lbr. Co. v. Harris,* 131 Mo. App. 94 (110 S. W. 609); *Henderson v. Connelly,* 123 Ill. 98 (14 N. E. 1); *Keller v. Carr,* 40 Minn. 428 (42 N. W. 292); *White v. Kincade,* 95 Kan. 466 (148 Pac. 607); *Miller v. Davis,* 26 Colo. App. 483 (145 Pac. 714); *Bohn Mfg. Co. v. Kountze,* 30 Neb. 719 (46 N. W. 1123); *Belnap v. Condon,* 34 Utah 213 (23 L. R. A. [N. S.] 601). Nor was Section 3096 intended to be construed as a limitation of the word "owner" as used in Section 3089, but, instead, extends the definition of the term so as to include persons who would not ordinarily come within its meaning. *Janes v. Osborne,* 108 Iowa 409; *Jameson & Sons v. Gile,* supra.

The contract of purchase made no reference to the improvement of the premises, and there is nothing therein in any way tending to obligate appellant for the payment of material subsequently purchased therefor, or to justify the filing of a lien, within the doctrine of any of the cited cases. What appellee does claim is that the material was purchased by the vendees under an agreement or understanding with appellant by which the latter consented to the improvement and authorized them to make such purchase. This appellant denies. The monthly payments required by the contract were made by vendees to one Harris, as the agent of appellant. Both Davis and his wife testified to an alleged conversation between them and Harris, in which they requested permission to tear down the barn and use it in the improvement of the dwelling house, stating that, if this were not done, new material would have to be purchased, and that they might not be able to make the monthly payments, unless reduced in amount. Deeming himself unauthorized to do anything about the matter for appellant, Harris agreed, so they testified, to refer the matter to appellant for decision. The same witnesses also testified that they had a conversation with appellant, in which he said that it was all right to secure lumber on credit, and that, if it became necessary, the monthly payments would be reduced to $15 per month. Appellant denied this conversation, except that he admitted that he gave his consent to appellees to tear down the barn and use the material in the reconstruction or improvement of the dwelling house. He fur-

ther testified that nothing was said at that time about the monthly payments. Harris also denied that anything was said in the conversation with him about the purchase of new material, or that the Davises then desired a reduction in the monthly payments. This witness admitted that later the Davises reported to him that they would be unable to make the monthly payments, and that appellant agreed to be lenient with them, and that a temporary reduction to $15 per month was made. Upon the failure later to make the payments, the contract was forfeited, and the Davises left the premises.

We have repeatedly held that knowledge on the part of the vendor that the vendee is making improvements on the premises conveyed is not sufficient to give the lien of a materialman on the interest of the vendee priority over the vendor's lien. *Hunt Hdw. Co. v. Herzoff*, 196 Iowa 715; *Royal Lbr. Co. v. Hoelzner*, 199 Iowa 24; *Ellis v. Simpson*, 199 Iowa 671.

It is clear that the improvement was not placed upon the premises for the immediate use of appellant, within the terms of the statute as construed and applied in the cases cited supra. Mere knowledge on the part of the appellant that new material was being used in the reconstruction of the building does not estop him from asserting the priority of his vendor's lien. *Ellis v. Simpson*, and cases therein cited, supra. Nor do we think that appellee has sustained its contention that the material was purchased with the consent of appellant, or that he is the "owner," within the meaning of the statute. No contract, express or implied, creating the relation of agency between appellant and vendees is proved. Appellant's version of the facts is a more reasonable and convincing one. *Kimball Bros. Co. v. Fehleisen*, supra, which counsel for appellee urges fully sustains its theory of the case, does not go that far. The contract between the vendor and vendee in that case contemplated the improvement for which the material was furnished, and, while we said that "a vendor of real estate, who induces one who has a contract to purchase same, to expend labor and material in improving the same, cannot defeat the claims for a lien by those who contribute their labor and material to enhance the value of his property. In such a case, in the absence of a controlling agreement, he cannot insist that the mechanics' lien shall be

subordinate to his title or interest in the realty,''—this must be read in the light of the facts considered by the court in that case. When so read, the case falls squarely within the rule of the cases cited supra.

The demand of appellant that attorney fees be fixed in his favor is denied.

The judgment and decree below is—*Reversed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.