CHARLES M. HENDERSON *et al.*

*v.*

JOHN A. CONNELLY.

*Filed at Ottawa November 11, 1887.*

1. MECHANIC'S LIEN—*adjustment of rights involved.* Where the pleadings in a mechanic's lien case disclose the rights of the parties, the court, in its decree, may properly settle and adjust the same.

2. SAME—*vendor and purchaser—of their relations, respectively, to a mechanic's lien.* Where the vendor of real estate has done nothing to authorize the vendee to improve the premises, and the latter, on his own responsibility, incurs a liability with a builder, the lien of the mechanic will be confined to the interest of the purchaser in the premises, and the vendor can not be required to part with his title until he is fully paid the purchase price.

3. But where the vendor, by his contract of sale, expressly authorizes his vendee to erect a building on the premises, agreeing to advance money to aid in such improvement as the work progresses, and before any termination of the contract, and notice thereof, a mechanic furnishes materials and performs labor in the erection of such building, the latter will not be required to look alone to the title held by the vendee, but may enforce his lien against the legal as well as the equitable title.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

Mr. JAMES R. MANN, for the appellants:

The only reference in the petition to the rights of appellants was, that they claimed some interest in the premises. No relief was asked against them, and the prayer was only that the interest of Sharp in the premises be sold. This does not authorize a decree that the petitioner is entitled to a lien against Sharp and the Hendersons. *Gage* v. *Reid*, 104 Ill. 509.

The claim for a mechanic's lien was entirely defeated by the forfeiture of Sharp's contract for a deed. *Schnell* v. *Clements*, 73 Ill. 613; *Davis* v. *Insurance Co.* 84 id. 509; *Proctor* v. *Tows*,

115 id. 138; *Gardner* v. *Watson,* 18 Bradw. 395; *Little* v. *Vredenburgh,* 16 id. 189; *Wendt* v. *Martin,* 89 Ill. 139.

The decree was erroneous in ordering the petitioner to be first paid out of the proceeds of sale. *Hickox* v. *Greenwood,* 94 Ill. 266; *Ruggles* v. *Blank,* 15 Bradw. 436.

Mr. JAMES LEDDY, for the appellee:

The lien provided for by the statute was against the land upon which the labor was expended, and the materials furnished in the erection of the building. *Lewis* v. *Rose,* 82 Ill. 574; *Steigleman* v. *McBride,* 17 id. 300; *Donaldson* v. *Holmes,* 23 id. 85.

It is a well established principle, that where the true owner of property holds out another, or allows him to appear as the owner of or as having full power of disposition over the property, and innocent third parties are thus led into dealing with such apparent owner, they will be protected. Bigelow on Estoppel, 468.

The above doctrine of estoppel was applied in the following lien cases, similar to the one at bar: *Weber* v. *Weatherly,* 34 Md. 656; *Higgins* v. *Ferguson,* 14 Ill. 269; *Greenleaf* v. *Beebe,* 80 id. 520; *Donaldson* v. *Holmes,* 23 id. 85; *Schwartz* v. *Saunders,* 46 id. 18; *Tucker* v. *Gest,* 46 Mo. 339; *Collins* v. *McGraw,* 47 Mo. 495.

There was no error in the form of the decree entered in the case. *Dobschuetz* v. *Holliday,* 82 Ill. 371; *Kidder* v. *Aholtz,* 36 id. 478; *Donaldson* v. *Holmes,* 23 id. 85.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition for a mechanic's lien, brought by John A. Connelly, against John G. Sharp, Charles M. Henderson and Wilber S. Henderson. On the hearing, the Superior Court found that there was due the petitioner $507, for which sum he was entitled to a lien on the premises as against all of the defendants, and a decree was rendered requiring the defendants,

John G. Sharp, Charles M. Henderson and Wilber S. Henderson, to pay petitioner said sum within ninety days, and in case the defendants should make default in the payment of the money, the master in chancery was directed to sell the premises, and all the interest therein, of John G. Sharp, Charles M. and Wilber S. Henderson. The decree also directed the master to pay, from the proceeds of the sale, first, the costs of the proceeding; second, the debt of petitioner, and pay over the surplus to C. M. and W. S. Henderson. The two Hendersons excepted to the decree, and for the purpose of reversing it appealed to the Appellate Court, where the decree was affirmed.

It is first claimed "that no case was made by the pleadings to justify the decree." While the averments of the petition in regard to the interest of the Hendersons in the premises involved are not as full as may usually be found in a petition of this character, where third persons claiming an interest are made parties to the petition, yet there is enough in the petition to disclose the rights of the parties, and to admit all evidence that has any bearing on those rights, and under the petition and answer we perceive no reason why the rights of all the parties may not be fully settled. The case of *Gage* v. *Reid,* 104 Ill. 509, cited by appellant, has no application here.

The main question, however, presented by the record, is whether the decree was authorized by the evidence. There is no controversy in regard to the facts. In the main they are undisputed. In the fall of 1884, the premises described in the petition were owned by Charles M. and W. S. Henderson. On October 17th of that year they sold the same to John G. Sharp for the sum of $2150, payable, $75 cash down, and the further sum of $30 on the first day of each and every month, commencing with the first day of February, 1885,—the whole remaining sum to become due on the first day of February, 1888. A contract containing the terms of the sale was drawn up and executed by the parties. It provided, in case of the failure of the party of the second part to make either of the

payments when due, the party of the first part had the right to forfeit the contract, provided that Sharp should have four months in which to make good any delinquency in payment before any forfeiture or re-entry should be made. The contract contained this provision: "And said Hendersons agree that when said Sharp shall have expended $325 in the erection of a suitable dwelling house upon said premises, they will advance him, as the progress of the building justifies, in their opinion, the further sum of $875, to aid in the completion thereof."

About the first of December, 1884, Sharp entered into a contract with Connelly, the petitioner, to do the excavating, stone and brick work, and plastering, for a frame house he proposed to erect on the premises purchased of the Hendersons. Connelly furnished the material and performed the labor, as agreed, and this petition was filed to enforce a lien for a balance of $465.58 due under the contract. During the progress of the work on the house, the Hendersons advanced Sharp $700, to be used in the erection of the building,—$350 April 16, 1885, and $350 May 15. About the first of June all work on the house came to an end, and in July or August following, Sharp having made no payments except $75 on the execution of the agreement, the Hendersons took possession of the property, and late in the fall of that year they went on and completed the house at an expense of $2300.

It is claimed in the argument, that the Hendersons forfeited the contract with Sharp, and that the lien of petitioner was defeated by that forfeiture. By the terms of the contract under which Sharp purchased, the Hendersons, on the first day of June, 1885, had the right to terminate the contract so far as the rights of Sharp were concerned, but before the right of forfeiture had accrued, the lien of the petitioner had attached to the premises. The statute conferred a lien on whatever title or interest Sharp had in the property, and we think it a plain proposition that the lien of petitioner could not be divested without notice to him, and there is no pretense that

any steps were ever taken by the Hendersons to terminate the rights of the petitioner in the premises, by notice of forfeiture or otherwise.

The decree, as before observed, directs the master, from the proceeds of sale, after the payment of costs, to pay, first, the amount due the petitioner, and the surplus to the defendants C. M. and W. S. Henderson. This is claimed to be erroneous, and it is urged if it was proper to sell the entire title to the property, then the Hendersons were entitled to priority, at all events, for the contract price of the property, and in support of this position we are referred to *Hickox* v. *Greenwood*, 94 Ill. 266. In the case cited, it was held that where the owner of land gives a contract for a deed to the purchaser, who procures a building to be erected on the premises, the lien of the mechanic attaches only upon the purchaser's interest, and the vendor can not be required to part with his title until he first receives full payment of the purchase money. We are entirely satisfied with the law as laid down in the *Hickox case*, but the rule there announced has no application to the facts of this case. In the case cited, the vendor sold a vacant lot, and gave an ordinary bond for a deed upon the payment of the purchase money at the expiration of ten years, with semi-annual interest at the rate of ten per cent per annum. The contract of sale did not authorize or in any manner empower the purchaser to erect a building on the premises, or to incur any liability for the improvement thereof. Indeed, the vendor was in no manner connected with the building the purchaser erected on the premises. He merely sold the lot, leaving it with the purchaser to improve it or not, as he might desire. Under such circumstances, of course the lien of the mechanic would only attach to such title as the purchaser held, and the vendor could not be required to part with his title until the purchase money was paid.

But the case made by this record is entirely different, and must be controlled by other principles. Here, it was under-

stood in the contract of sale between the vendors and purchaser, that the latter should go on and build upon the premises, and for the purpose of a consummation of this understanding, a clause was inserted in the contract of sale, by which the vendors agreed to advance the purchaser $875, to assist him in the erection of a building on the premises, as the building progressed. The only reasonable and fair construction to be placed on this clause of the contract is, that the purchaser was authorized and empowered by the vendors to enter into contracts with builders to furnish material and erect a building on the premises to which they held the legal title. If, therefore, the Hendersons authorized and empowered Sharp, the purchaser, to cause a building to be erected on property where the legal title was in them, upon what ground can they now, after the labor has been expended and materials furnished, claim that the mechanic who furnished the labor and materials which they, by contract, authorized, shall look alone to the title held by the purchaser? Certainly no principle of equity or fair dealing would sanction a precedent of that character. Had the contract of sale contained no provision looking in the direction of any improvement on the property, and had Sharp, the purchaser, gone on, upon his own responsibility, and incurred a liability with a builder, then we would have no hesitation in holding that the lien of the mechanic must be confined to the interest of the purchaser in the premises, as was done in the *Hickox case;* but such was not the case here. The vendors, by their contract, have subjected their title to the property to the lien of the petitioner, and the decree, properly, in our opinion, authorized a sale of the legal title, and a priority of payment to petitioner.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*