ALBERT H. HILL and others vs. EMILY L. GILL and Husband, impleaded, etc.

40 441
41 409
41 411
40 441
42 2
42 430
40 441
47 567
40 441
48 15
48 24
48 77

May 8, 1889.

**Contract of Sale requiring Purchaser to Build—Mechanic's Lien on Vendor's Estate.**—In a contract of sale with an agreement to convey real estate, the vendee was required to erect a dwelling-house upon the premises within a specified period of time, and before he would become entitled to receive a deed therefor. *Held*, to authorize said vendee to enter into a contract for materials with which to build said house, and that the material-men were entitled to a lien against the premises, and all of the right, title, and interest of the vendor therein upon the day the lien attached, together with an interest subsequently acquired by reason of the vendee's surrender to said vendor of all claim to the property.

**Findings—Evidence.**—Evidence examined, and *held* to justify a certain finding of fact complained of by the appellant.

Appeal by defendants Emily L. and A. R. Gill from a judgment of the district court for Hennepin county, where the action was tried by *Lochren, J.*

*Hooker, Little & Nunn,* for appellants.

*Wadsworth & Wadsworth* and *Frederick B. Lathrop,* for respondents.

COLLINS, J. May 20, 1886, Emily L. Gill and Samuel Barker, two of the defendants in this action, entered into a written contract, by the terms of which Mrs. Gill bargained and agreed to convey to Barker, by warranty deed, a certain lot owned by her in the city of Minneapolis, should Barker keep and perform his part of the contract. Barker, upon the other hand, covenanted and contracted to commence work upon a dwelling-house of specified dimensions on said lot within 10 days, and to complete it within 60 days from the date of said contract. He also agreed to pay to Mrs. Gill the sum of $1,150 and interest for said lot within said period of 60 days, besides certain taxes and assessments. There were further stipulations by which all improvements placed upon the premises became the property of Mrs. Gill as additional security, and, together with all payments made by Barker, and all his right and interest in the

lot, should be absolutely forfeited in case he failed or neglected to keep and perform his part of the contract. Between the 26th of May and the 14th of June the plaintiffs sold and delivered to Barker upon the lot a quantity of building materials, to be used by him, and which he actually did use, in the erection of a dwelling in an attempted compliance with the terms of his contract. He failed to pay for the building materials and for the land upon which the building had been erected, and in the month of August surrendered all claim to the property and its possession to Mrs. Gill. This action was brought to enforce a lien claimed by plaintiffs, as material-men, upon the house and lot. The trial resulted in the entry of judgment, directing a sale of the premises, with all of the right, title, and interest therein held or owned by Mrs. Gill upon the day the lien attached, or thereafter acquired by reason of Barker's surrender and relinquishment.

The appellants contend that plaintiffs failed to prove the filing and record of a verified account in writing—usually styled the "affidavit for a lien"—required by the terms of Gen. St. 1878, c. 90, § 7, and this is one of the assignments of error which we deem it necessary to notice before passing to a consideration of the main question in the case, which is the power of the court to direct a sale of Mrs. Gill's interest in the real estate to satisfy and discharge the lien claimed by plaintiffs, which springs from an obligation personally incurred by her codefendant Barker. The record shows that the original account was offered and received in evidence. It also shows that the pages of the book of liens kept in the proper office, and upon which was recorded the account, were introduced in evidence, although the record itself, as it appeared on these pages, is not made a part of the settled case. It therefore appears that evidence has been omitted from the case, notwithstanding a certificate of the trial judge to the contrary; and it is also apparent that a defect in the proof in this regard was not even suggested upon the trial. As it is made the duty of each register of deeds to indorse upon every instrument recorded by him the time when it is received, and the book in and page on which it is recorded, and this indorsement is made evidence of the fact of record, (Gen. St. 1878, c. 8, §§ 187, 188,) and as the record of each instru-

ment must specify with particularity the exact time it is recorded, (section. 177, *c.* 8, *supra,*) it is safe to assert that the testimony upon this point was ample, although the settled case fails to include it. The certificate of the judge that the case contains all of the testimony is manifestly incorrect, and will be taken in a qualified sense. *Acker Post* v. *Carver*, 23 Minn. 567.

Another assignment is worthy of mention, perhaps, although it is without merit. It is true that Mrs. Gill was a married woman when she entered into the contract with Barker, and that her husband, one of these defendants, and who seems to have been his wife's agent in part of the transaction, did not join in its execution, as required by Gen. St. 1878, *c.* 69, § 2. The objection is completely met by saying that it is now argued for the first time in the history of the case, and that the sale and contract to convey to Barker is set forth and expressly relied upon as a defence in the joint answer of the defendants husband and wife.

This brings us to an examination of the main question, before mentioned. The lien adjudged by the court in this instance, being an incumbrance upon the title and interest of Mrs. Gill, the owner in fee-simple, could alone be created, and can only be sustained, by determining that she consented to and authorized it. It is upon this ground solely that liens can be supported. The basis of the right to enforce a claim of lien is the consent of the owner. *O'Neil* v. *St. Olaf's School*, 26 Minn. 329, (4 N. W. Rep. 47.) And it is fundamental that, as liens are incumbrances upon the owner's property, they can only be created by his consent or authority. *Meyer* v. *Berlandi*, 39 Minn. 438, (40 N. W. Rep. 513.) It must be admitted that upon the furnishing of these materials the plaintiffs had, under section 1, *c.* 90, *supra,* the right of lien upon the building about to be erected, and upon whatever interest Barker then had in the real estate, and that his surrender of the premises could not deprive them of this clear legal right. But the court went further than to direct a sale of Barker's interest, and adjudged that Mrs. Gill's rights in the land and its appurtenances should be sold to satisfy a debt incurred by her vendee, in which she had no voice, except by implication and as one of the parties to a contract in which she imposed upon the

other party an obligation to build upon realty to which she held the legal title. It is this feature of the decree which is complained of.

In *Laird* v. *Moonan,* 32 Minn. 358, (20 N. W. Rep. 354,) the principle is announced that all who have contributed to increase the value of property by consent of the owner, or in pursuance of a contract with him for that purpose, should have an interest in it for the satisfaction of their claims, and we think the proposition fully as sound and just when applied to the circumstances of this case as it was when stated in an action involving the right of a subcontractor to enforce the lien secured him by section 2, c. 90, *supra.* This case should not be confounded with one wherein a vendor has in no manner authorized or directed an improvement upon realty which he has agreed to convey. Here Mrs. Gill, in her contract of sale, obligated her vendee, Barker, to complete a dwelling upon premises which she was not to convey until the house was built and she had received the amount of the purchase price of the lot. That Barker might comply with the terms of this contract, the plaintiffs furnished materials which were used in the house; and now, after his failure to perform, and relinquishment of all his rights to Mrs. Gill, seek to enforce a lien, which she resists upon the ground that it is unwarranted by the statute. She attempts to retain the property, much enhanced in value through plaintiffs' materials, without paying for the improvements. To permit her to do so would be an imposition. She directed and demanded the erection of the dwelling-house upon her lot, as is obvious from her contract, and Barker, in pursuance of the right he acquired by the same instrument, and in performance of the conditions imposed by it, purchased building materials, now a part of the estate. The proper and just construction to be placed upon the contract is that the purchase was authorized by Mrs. Gill, and, if this be so, the plaintiffs must be permitted to look to her title for the satisfaction of their demand. *Henderson* v. *Connelly,* 123 Ill. 98, (14 N. E. Rep. 1.)

Judgment affirmed.