# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

ATWOOD W. H. BOYD and another *vs.* JULIA R. BLAKE, impleaded, etc.

### November 5, 1889.

**Vendor and Purchaser—Mechanic's Lien—Merger.**—Where there is a mechanic's lien upon a vendee's interest in land, and by agreement between the vendor and vendee such interest is surrendered, the vendor, as a consideration for the surrender, undertaking to pay the lien claim, the court, there being no equitable consideration requiring it to treat the vendee's interest as still outstanding, will treat it as merged in the legal estate, and enforce the lien claim against the whole estate.

**Mechanic's Lien — Statement — Practice where Land Exceeds Statutory Limit.**—It is not necessary for the lien claimant to show that the quantity of land on which the lien is claimed is within the statutory limit. If the defendant claim that it exceeds that limit, he must show it, and the court must then carve out a tract within the limit, and confine the lien to it.

Appeal by defendant Julia R. Blake (impleaded with N. M. Cook) from a judgment of the district court for Hennepin county, where the action was tried by *Lochren, J.*

*Chas. S. Careins,* for appellant.

*Gilger & Harrison,* for respondents.

v.42M—1

GILFILLAN, C. J.   Action to enforce a mechanic's lien.   February 16, 1887, defendant Julia R. Blake owned the land, and executed a contract for the sale and conveyance of the same to the defendant Cook for the consideration of $650, of which $5 was to be paid at once, and $5 on or before the 1st day of every month thereafter. The contract stipulated that the vendee should build a house on the land; to begin the same before March 15, 1887, and complete it within a year from the date of the contract; the building to be deemed part of the real estate, no matter how attached to it.   The vendee went into possession, and made a contract with plaintiffs to build the house at the price of $1,050.   The plaintiffs built the house, finishing it August 3, 1887.   The contract of purchase contained a provision that in case of default for 30 days in the payment of any of the sums to be paid for the purchase price, the vendor might elect that the whole price should become due immediately, or to cancel and deliver to the vendee the note given by the latter for the purchase-money, and thereupon the contract should become void, and all rights under it cease.   The court below does not find, and we do not see that the evidence required it to find, that the vendor ever attempted to exercise this election, or to act under that provision of the contract.   On the contrary, it finds that on the 8th day of October, 1887, in consideration of the fact that he had made none of the payments on the contract of purchase, though they had often been demanded, and of the promise of the vendor to pay plaintiffs' demand for the construction of the building, the vendee surrendered to her and cancelled the contract of purchase, and she surrendered to him the said note for the purchase-money.   Though the evidence of the promise by her to pay plaintiffs' claim was not very clear and precise, yet we think the court was justified in finding from it that the surrender was made on that understanding.   On October 25, 1887, plaintiffs' account and affidavit for lien was filed and recorded.

The contract of purchase providing that the vendee should construct a building on the land, the plaintiffs were entitled, within the decision in *Hill* v. *Gill*, 40 Minn. 441, (42 N. W. Rep. 294,) to a lien, not only on the interest of the vendee, but also on that of the vendor. But within the decisions of this court, to the effect that the affidavit

and statement filed to secure a lien must contain enough to show that the party is entitled to it, the affidavit and statement in this case are insufficient to bring the case within the rule in *Hill* v. *Gill*, for they do not show that the building was constructed by virtue of any requirement in the contract between Blake and Cook, nor show in any way authority in Cook to charge the former's interest in the land with a mechanic's lien. They contain enough to show plaintiffs entitled to a lien on the interest of the vendee under the contract of purchase. That interest was subject to be defeated—to be forfeited—under the conditions of the contract, and any lien on the interest would necessarily fall when the interest should be under those conditions defeated or forfeited. The lien was on the vendee's interest just as it existed, with whatever infirmity it was subject to under the contract creating it. But after the plaintiffs' lien had attached, the parties to the contract of purchase could not add any other condition to it, so as to impair the plaintiffs' rights; nor could they, as to them, though they might as between themselves, extinguish the vendee's interest in any other way than as provided for in the contract creating it. By the surrender of October 8th the vendor and vendee, as between themselves, extinguished the interest of the latter. At law there was a merger of the equitable in the legal estate. In equity, however, the equitable is not merged in the legal estate if it be the intention of the owner of the legal estate that there shall be no merger, and, the contrary not being expressed, such is presumed to be his intention whenever his interest requires that they shall be kept apart. In other words, where there is any equitable consideration of interest or protection to him, a court of equity will not enforce the doctrine of merger. If it be not necessary to protection of his interests, the legal rule will be followed. In a case like this the court might, notwithstanding the merger, as between vendor and vendee, treat the vendee's interest as still outstanding for the purpose of enforcing the lien against it, and of confining the lien to it, if it were inequitable to charge the vendor's other property with the debt. But as the vendor, by assuming to pay the lien debt, has charged her assets generally with the debt, equity does not require that the vendee's estate, which would otherwise be merged, shall be kept alive merely for the purpose of limiting the en-

forcement of the debt to it.   The court below was therefore right in
treating the vendee's interest as having merged in the legal estate,
and in enforcing the lien against the entire estate.

The appellant claims it was error in the court below to find as a
fact, there being no evidence on the point, that the lot on which the
building was constructed was less than one acre in extent.   If there
was no evidence that the lot contained more than an acre, there was
no need for the court to consider the matter at all.   The affidavit
for lien and the complaint must, of course, describe the land on which
the building is constructed.   The mechanic is entitled to a lien, al-
though the land exceeds the statutory limit.   If it do exceed that
limit it is for the court, and not the party, to carve out of the en-
tire tract the portion to which it fixes the lien.   *North Star Iron-
Works Co.* v. *Strong*, 33 Minn. 1, (21 N. W. Rep. 740;) *Smith* v.
*Headley*, 33 Minn. 384, (23 N. W. Rep. 550.)   The omission to do
that in a case where it was necessary would undoubtedly be error.
But the court is not called upon to do it until it appears that there
is a necessity for it.   And it is for the defendant, if he desires it
done, to make it appear to the court that it is necessary.

We see nothing in any other assignment of error requiring special
mention.

Judgment affirmed.

DICKINSON, J.   I do not assent to the proposition that the legal
estate of Mrs. Blake became chargeable with the plaintiffs' lien, the
lien statement being insufficient for that purpose.   I think that the
lien should have been enforced only as to the interest of Cook under
his contract, which should be treated as a still subsisting interest,
for the purposes of such enforcement, as though no surrender had
been made.