### J. E. Rice and N. H. Anderson v. F. A. Gould, Augustus Herring, A. S. Cox, J. Heylin, Alexander Burgess and Clara Ross.

1. ESTOPPEL—*Equitable, by Conduct—Acquiescence.*—A party entered into a contract with the owner for the purchase of a lot, for the purpose of erecting a building thereon, paying a part and leaving the balance of the purchase money unpaid, and then entered into another contract with a builder to erect a building thereon. The owner in whom remained the legal title had knowledge of the contract with the builder and saw from day to day every step taken by him in furnishing material and erecting the building until it was nearly completed, without giving any notice that he had not received all of the purchase money or that the legal title remained in him. He was held to be estopped from setting up the legal title against the lien of the builder.

**Bill for Mechanics' Lien.** Appeal from the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the November term, 1897. Reversed and remanded. Opinion filed February 9, 1898.

M. P. RICE, attorney for appellants.

If the holder of the legal title to land stands by and sees a contract by a party in possession for work upon the same by mechanics, without disclosing his title or claim, he will be estopped from settling up his legal title to defeat the mechanic's lien upon the whole of the land. Higgins v. Ferguson, 14 Ill. 269; Donaldson v. Holmes, 23 Ill. 85; Schwartz v. Saunders, 46 Ill. 18; Anderson v. Armstead, 69 Ill. 452.

When a vendor sells land under contract for a deed, as in this case, and in the contract authorizes, empowers, or requires the vendee, or imposes upon the vendee a duty to improve said land, and the vendee, in compliance with the terms of said contract, procures the improvement, the persons making the improvement will have a lien against the whole of the land, legal as well as equitable interest, for such improvement. Ch. 82, Sec. 1, R. S. Ill. 1895; Donaldson v. Holmes, 23 Ill. 85; Henderson v. Connelly, 123 Ill. 98; Paulsen v. Manske, 126 Ill. 72.

It is a well established principle that where the true owner of property of any kind holds out another, or allows another to appear as the owner, or as having full power of disposition or management over that property, and innocent third parties are thus led into dealing with such apparent owner, they will be protected.    Bigelow on Estoppel, 468.

D. ABBOTT, attorney for appellee.

It has long been well settled by our Supreme Court that a party in possession under a contract of purchase is to be considered the owner only in the sense of the statute, to the extent of the interest he owns, and that interest is what the mechanic's lien affects.    Tracy v. Rogers, 69 Ill. 662; Hickox v. Greenwood, 94 Ill. 266; McCarty v. Carter, 49 Ill. 53; Judson v. Stephens, 75 Ill. 255.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellant to enforce a mechanic's lien.    From the record in this case it appears that on the twentieth day of July, 1895, Frances A. Gould, rector, purchased of Miss Clara Ross the south half of the west half of lot number 114,

Swana addition to Canton, Illinois, for the sum of $650. It was provided in the written contract between the parties that the premises were bought and to be used for the erection of a church building to be known as St. John's Episcopal Church. The title to the property to be vested in the P. E. Bishop of the diocese of Quincy, and his successors in office. Miss Clara Ross owned and resided on the north half of the west half of lot number 114 at the time this contract was made.

The church committee, on the twenty-ninth of July, 1895, entered into a written contract with appellants to erect a church building on the premises purchased by the rector. Appellants immediately commenced the erection of the building and completed it on the twenty-fourth day of October, 1895.

The appellants filed their petition to establish their mechanic's lien on these premises on the nineteenth day of December, 1895. Answers were filed and replications thereto. A hearing was had and the court found that there was due the appellee, Miss Clara Ross, the sum of $370 with five per cent interest from October 20, 1895, and decreed the same to be a lien on the premises. The court also found there was due appellants the sum of $2,330.15 with interest thereon from the date of the decree, and declared the same to be a lien.

The premises were ordered to be sold by the master if default should be made in payment of the sums of money found due, after giving notice as required by law, and that the master bring into court the money derived from such sale at the next term thereof.

The master at the next term of court made his report of sale, by which it appeared that he derived from the sale of the premises under the decree of sale heretofore entered the sum of $1,550. Whereupon the court

entered a decree ordering the master to first pay appellants their costs. Second, that he pay Miss Clara Ross the amount so found due her, and that he pay the balance of such proceeds to appellants. From this decree they bring this case by appeal to this court.

It will be observed by this decree that Miss Clara Ross is given a prior lien on the proceeds of sale to that of appellants. This they claim was error.

It appears from the written contract entered into between the parties that one of the terms imposed upon the purchaser was that this lot was bought for and was to be used for a church building to be known as St. John's Episcopal Church, and the title was to vest in the bishop of the diocese of Quincy. The legal title to this property, it is true, was in the vendor, and the equitable rested in the purchaser. It is a fair and reasonable construction to be placed on this clause of the contract that the vendor thereby authorized the purchaser to enter into contracts with builders to furnish material and erect a church building on this lot. Furthermore, Miss Clara Ross stood by and observed from day to day every step that was taken by appellants, in furnishing material and erecting this building, from the time it was commenced until it was nearly completed, without giving any notice that she had not received all her purchase money and that she held the legal title. The principles of equity ought to estop her from setting up her legal title against the lien. Donaldson et al. v. Holmes et al., 23 Ill. 85; Henderson et al. v. Connelly, 123 Ill. 98.

We hold that after the payment of the costs in the Circuit Court the balance of the proceeds of the sale should be paid to appellants.

Decree of the Circuit Court will be reversed with direction to enter a decree in conformity with this opinion. Reversed and remanded with directions.