## MECHANICS' LIENS—CONTRACTS— PRINCIPAL AND AGENT,

[Cuyahoga (8th) Circuit Court, January 26, 1905.]

Hale, Marvin and Winch, JJ.

O. T. LAPHAM v. HARRY RANSFORD ET AL.

1. STATUTE MUST BE STRICTLY CONSTRUED AS TO MECHANICS' LIENS.

While liberality should be exercised in construing the rights of parties under a mechanic's lien when it has once attached, the statute must be strictly followed in securing the lien.

2. AFFIDAVIT MUST SHOW MATERIAL FURNISHED UNDER CONTRACT WITH OWNER OF SOME INTEREST IN LAND CHARGED WITH LIEN.

The affidavit for a mechanic's lien must show that the material was furnished to, and under a contract with, the owner of some interest in the land, in order to bind the interest of such owner.

3. ACCOUNT REQUIRED TO SHOW RELATION OF DEBTOR AND CREDITOR BETWEEN LAND-OWNER AND LIENHOLDER.

The account attached to the affidavit for lien must show the relation of debtor and creditor between the owner of some interest in the land and the person claiming a lien upon the interest of such owner.

4. CONTRACT TO EXECUTE DEED TO VENDEE UPON ERECTION OF CERTAIN HOUSES ON LAND DOES NOT CONSTITUTE HIM AGENT OF VENDOR TO ORDER MATERIALS THEREFOR.

A contract for the sale of land which provides that the vendor will execute a deed of said land to the vendee upon the erection by said vendee of certain houses on said land and the payment of the purchase price, does not, of itself, constitute the vendee the agent of the vendor, to order materials for the erection of said houses, nor render the interest of the vendor liable to a lien in favor of the person furnishing such materials on the order of the vendee.

APPEAL.

**Frank Higley,** for plaintiff, cited:

Laning R. L. 5107 (R. S. 3185); *Standard Oil Co.* v. *Sowden,* 55 Ohio St. 332 [45·N. E. Rep. 320]; *Bullock* v. *Horn,* 44·Ohio St. 424 [7 N.

Lapham v. Ransford.

E. Rep. 737]; *Dakin* v. *Lecklider*, 10 Circ. Dec. 308 (19 R. 254); 2 Warvelle, Vendors Sec. 867; *Mutual Aid Bldg. & L. Co.* v. *Gashe*, 56 Ohio St. 273 [46 N. E. Rep. 985]; *Fox* v. *Oldwin*, 1 Dayt. 137; *Iron Co.* v. *Murray*, 38 Ohio St. 323; *Harper* v. *Bank*, 54 Ohio St. 425 [44 N. E. Rep. 97]; *Bohn Mfg. Co.* v. *Kountze*, 30 Neb. 719 [46 N. W. Rep. 1123; 12 L. R. A. 33]; *Henderson* v. *Connolly*, 123 Ill. 98 [14 N. E. Rep. 1; 5 Am. St. Rep. 490]; *Hill* v. *Gill*, 40 Minn. 441 [42 N. W. Rep. 294]; *Moore* v. *Jackson*, 49 Cal. 109.

**Bemis, Zizelman & Calfee,** for defendants:

Whether a material man may file a mechanic's lien against the owner of property for material purchased by a contractor, etc. *McCune* v. *Snider*, 9 Circ. Dec. 572 (18 R. 24); *Feike* v. *Railway*, 7 Circ. Dec. 652 (14 R. 186); *Palmer* v. *Tingle*, 55 Ohio St. 423 [45 N. E. Rep. 313]; *Mutual Aid Bldg. & L. Assn.* v. *Gashe*, 56 Ohio St. 273 [46 N. E. Rep. 985]; *Pinkerton* v. *LeBeau*, 3 S. Dak. 440 [54 N. W. Rep. 97]; *McGinnis* v. *Purrington*, 43 Conn. 143.

**WINCH, J.**

This case was heard on appeal and involves the validity of a mechanic's lien which plaintiff claims upon certain premises in this city.

It appears that defendant, Lester A. Cobb, trustee, was the owner of said premises and on July 16, 1900 entered into a contract with defendant, Harry Ransford, by the terms of which it was agreed:

"Whereas, the party of the second part is desirous to build on said lots, it is hereby agreed by and between said parties to this agreement, that upon the erection of three houses upon said lots by second party said party of the first part will execute a deed to second party for said lots, and will take a second mortgage upon said lots for the sum of $1,400, said first mortgage being $3,000 upon said houses and lots. Said second party agrees with party of first part to pay the sum of $75 when deed is signed on each house and $75 when second payment is made on loan on each house, second mortgage to bear interest at the rate of 6 per cent per annum and to run three years; interest payable semi-annually."

Ransford entered into possession of the premises, put in two foundations and erected the frame and roof of one house, buying his lumber of plaintiff. He then abandoned his contract, failed to pay for the lumber and absconded. The partially completed house became racked and three feet out of plumb, before Cobb ever saw it.

Plaintiff says that Ransford came to him to buy lumber, representing that he owned the premises in question; Cobb's name was not men-

Cuyahoga County.

tioned and no inquiry was made as to the real ownership of the property.

To secure a mechanic's lien for the value of lumber furnished by plaintiff, which he testifies went into this house, plaintiff filed an affidavit which reads as follows:

"December 22, 1900.

"The State of Ohio, Cuyahoga County, ss:

"O. T. Lapham, being duly sworn, says that he is doing business as The O. T. Lapham Co. and that the account hereto annexed marked, 'Exhibit A,' is a true and correct account of the labor performed, and materials furnished by affiant doing business as aforesaid to and for the said Lester A. Cobb, trustee, at said county, and that the prices thereof set forth in said account are just and reasonable and that there remains due and unpaid thereon the sum of $192.

"That said labor was performed and said materials were furnished at the time in said account mentioned, under and by virtue of an unwritten contract between said Harry Ransford, agent, who in making such contract was acting for said Lester A. Cobb, trustee, and O. T. Lapham by which said lumber and materials were to be paid for when delivered.

"That said labor was performed and said materials were furnished, in good faith, and for the purpose of constructing certain dwelling houses standing on a lot of land hereinafter described.

"And this affiant says that the said L. A. Cobb, trustee, was, at the time said contract was entered into, and said labor was performed, and said materials were furnished, the owner of said buildings and that said buildings are situated upon a certain lot of land owned by said Lester A. Cobb, trustee, and on which land said Harry Ransford has or claims an interest and which said lot of land is described as follows, to wit: Situated in the city of Cleveland, county of Cuyahoga and state of Ohio, and known as sublots 156, 157, 158 and 159 in the Madison Park allotment as shown by plat recorded in Vol. 23 of Maps, page 14, Cuyahoga county records.

"And this affiant further says, that said O. T. Lapham is the legal owner of the above mentioned claim.

"The said O. T. Lapham claims a lien in the premises.

"O. T. LAPHAM.

"Sworn to by said O. T. Lapham, before me, and by him subscribed in my presence, this twenty-second day of December, A. D. 1900.

"FRANK HIGLEY, Notary Public."

Lapham v. Ransford.

The account attached is headed: "Lester A. Cobb, trustee, by Harry Ransford, agent, Prescott street.  Bought of the O. T. Lapham Company."

Under this affidavit plaintiff claims a lien both against the interest of Cobb and the interest of Ransford in said premises.  The proof shows no right in Ransford to act as agent of Cobb, unless it may be gathered from the provisions in the contract between them regarding the erection of houses upon Cobb's lots.

1.  Does this affidavit create any lien as against Ransford's interest in the premises?

We think not, for while liberality is exercised by courts of equity, in construing the rights of parties under a mechanic's lien when it has once attached, the statute must be strictly followed in securing the lien. *McCune* v. *Snider*, 9 Circ. Dec. 572, 575 (18 R. 24).

Laning R. L. 5100 (R. S. 3184) provides that one who furnishes labor or material "by virtue of a contract, express or implied, with the owner, part owner or lessee, of any interest in real estate or the authorized agent of the owner, part owner, or lessee of any interest in real estate, shall have a lien   *   *   *   upon the interest, leasehold or otherwise, of the owner, part owner, or lessee in the lot of land," etc.

Laning R. L. 5107 (R. S. 3185) provides that such person shall file an affidavit "containing an itemized statement of the value and amount of such labor, machinery or material,   *   *   *   a copy of the contract, if it is in writing, a statement of the amount and times of payments to be made thereunder and a description of the land," etc.

Reading these two sections together, it is manifest that the affidavit must show that the material was furnished to, and under a contract with, the owner of some interest in the land, in order to bind the interest of such owner.

This affidavit does not even hint that there was any contract between plaintiff and Ransford or that materials were furnished to Ransford.  On the contrary it specifically charges that the materials were furnished "to and for the said Lester A. Cobb, trustee," under any by virtue of an unwritten contract between said Harry Ransford, agent, who in making such contract was acting for "said Lester A. Cobb, trustee" and plaintiff; that "said Lester A. Cobb, trustee, was, at the time said contract was entered into and said labor performed, and said materials furnished, the owner of said buildings and that said buildings are situated upon a certain lot of land owned by said Lester A. Cobb, trustee, and in which said land said Harry Ransford has or claims an interest."

Cuyahoga County.

What interest Ransford had in the land, if any, does not appear and is immaterial; there is no claim of a contract with Ransford or of materials furnished to him.

The account attached to the affidavit does not show Ransford as a debtor, and we believe that to be necessary. *Bender* v. *Stettinius,* 10 Dec. Re. 186 (19 Bull. 163).

We hold that plaintiff, by reason of the defects in the affidavit mentioned, has not perfected a lien against any interest of Ransford in said premises. *Filberl* v. *Davis,* 4 Dec. Re. 496 (2 Clev. L. Rep. 265; 4 Bull. 629).

2. Has plaintiff established any lien against Cobb's interest in said premises?

The affidavit is sufficient for the purpose, if the proof establishes the fact that Ransford was agent for Cobb in ordering the materials furnished.

The only proof tending to establish such agency is the contract between Cobb and Ransford in which it is provided that Cobb will execute a deed to second party (Ransford) ''upon the erection of three houses upon said lots by second party.'' It will be noticed that Ransford does not agree to erect any houses.

We think the proper rule to be applied in such cases is laid down by the Supreme Court of South Dakota in the case of *Pinkerton* v. *Le Beau,* 3 S. Dak. 440 [54 N. W. Rep. 97], where the authorities are collated and it is held:

''A stipulation in a contract for the sale of land, that it was understood between the parties that the vendee should erect a building upon the land, does not, of itself constitute the vendee the agent of the vendor, within the meaning of the mechanic's lien law, nor authorize the vendee to subject the land of the vendor to a lien for material furnished for a building contracted for by such vendee.''

But we are cited to several cases holding a contrary doctrine.

In the case of *Bohn Mfg. Co.* v. *Kountze,* 30 Neb. 719 [46 N. W. Rep. 1123; 12 L. R. A. 33], it appears that the vendor had agreed to advance the vendee the sum of $2,200 towards the erection of the building, and that money was deposited in bank to be expended on checks of the vendee, countersigned by the vendor and accompanied by estimates of the architect.

In the case of *Henderson* v. *Connelly,* 123 Ill. 98, [14 N. E. Rep. 1; 5 Am. St. Rep. 490], there was an agreement that when the vendee had expended $325 in the erection of a suitable dwelling house upon the

Lapham v. Ransford.

premises, the vendor would advance the further sum of $875 to aid in the completion thereof.

In carrying out an agreement to advance money a vendor might very easily so conduct himself as to be in no position to deny his vendee's agency.

The case of *Hill* v. *Gill*, 40 Minn. 441 [42 N. W. Rep. 294] can be distinguished from the case at bar only on the one point that in the case cited the vendee "covenanted and contracted" to commence work upon a dwelling house and complete it within sixty days, while Ransford made no agreement to build a house.

But, considering all these cases irreconcilable with the conclusions we have arrived at, we think they all depend upon a theory of the equities of the case which does not obtain in Ohio. For instance, in the Minnesota case it is said:

"She (the vendor) attempts to retain the property, much enhanced in value, through plaintiff's materials, without paying for the improvements. To permit her to do so would be an imposition."

That could not be said in Ohio. The vendor in this state, can only claim the balance of the unpaid purchase price due him from the vendee; the mechanic has a lien on all value added to the premises by the vendee, over and above the amount due the vendor under the contract. *Mutual Aid Bldg. & Loan Co.* v. *Gashe*, 56 Ohio St. 273 [46 N. E. Rep. 985].

Under the equitable doctrine established in Ohio by this case for the benefit of material men and mechanics dealing with the vendee of land in possession under an executory contract to convey it, we think such material men are fully protected, and we are not disposed to enlarge the scope of the law of implied agency and thereby extend the benefits of the statute beyond the reasonable construction put upon it by the Supreme Court of this state in the case cited.

Finding that plaintiff failed to secure a lien upon any interest of Ransford in the premises and that he has failed to prove one against Cobb's interest, the petition is dismissed.