### GUGENHEIM v. DALLAS PLUMBING CO. et al.

#### No. 10845.

Court of Civil Appeals of Texas. Dallas.
June 13, 1931.

Rehearing Denied Sept. 26, 1931.

Geo. T. Burgess, of Dallas, for appellant.

J. L. Zumwalt, of Dallas, for appellees.

LOONEY, J.

In the spring of 1927, C. R. Gugenheim conveyed to Carl Wolff two lots in the city of Dallas, one on Prospect street, in consideration, among others, of a note for $3,200, due ninety days after date (March 16, 1927), and one on Washington street, in consideration, among others, of a note for $3,000, due ninety days after date (April 29, 1927), both notes were secured by trust deeds with power of sale in the usual form on the respective lots. |As part consideration for these conveyances, Carl Wolff agreed to improve the houses located upon lots according to plans furnished by Gugenheim, and, in the performance of these obligations, made repairs on the Prospect street property that cost in excess of $6,000, and made repairs on the Washington avenue property that cost about $1,250. The Dallas Plumbing Company, Reliance Brick Company, Blue Diamond Company, Booth Lumber Company, G. D. Young, and R. O. Walton, referred to herein as materialmen, sold and furnished Wolff labor and material to improve the Prospect street property, and the Liberty State Bank of Dallas, acting through its president, Joe E. Lawther, loaned Wolff $3,000 to pay for labor and material used in improving the Prospect street property, and $400, similarly used on the Washington street property, each loan was secured by a trust deed in the usual form on the respective lots.

Wolff failed to pay Gugenheim the purchase-money notes, also failed to pay debts due the materialmen for labor and material, as well as the amount due the bank, and thereafter was adjudged a bankrupt, and was

duly discharged. These lots were sold under the Gugenheim trust deeds, and purchased by him, and at the institution of this suit he still owned the Prospect street property, but prior thereto had sold the Washington street property.

This suit was brought by the Dallas Plumbing Company for the establishment of its debt and the foreclosure of its constitutional lien against Gugenheim and Wolff; the other materialmen and Joe E. Lawther (transferee and owner of the bank's claim) were brought in as claimants of liens against the property.

The other materialmen answered, showing liens upon the property, superior to the rights of Gugenheim, and prayed for foreclosure. Lawther answered, claiming ownership, as transferee of the notes and trust deeds given by Wolff to the bank, and also asserted superiority over the lien and rights claimed by Gugenheim. The contention of the materialmen is predicated on the idea that Gugenheim, in obligating Wolff to improve the property, as part consideration for the conveyance, made him an agent for such purpose, and that Gugenheim's lien for purchase money was thereby subordinated to their constitutional liens for labor and material furnished Wolff.

Lawther's contention is that the liens held by the bank and transferred to him, for money loaned Wolff to pay for labor and material used in improving these properties, are superior to the rights of Gugenheim, on the idea that he estopped himself to deny such fact.

The jury answered all issues of fact in favor of the materialmen and Lawther; thereupon the court rendered judgment foreclosing their liens on the Prospect street property for the amount of their respective claims as against Gugenheim, and rendered personal judgment against Gugenheim in favor of Lawther for the amount of his debt and lien on the Washington street property, from which Gugenheim appealed.

We do not deem it necessary to separately discuss the numerous propositions urged by appellant under his 151 assignments, but have considered all questions raised, and will, in the order appearing below, discuss the questions we deem material, and state reasons for our holdings.

The cumulative effect of the contentions of appellant is that his liens for purchase money on these lots were prior and are superior to the liens claimed by the materialmen and Lawther; that the sale of the properties under the trust deeds held by him extinguished the liens and claims held by the materialmen and Lawther, and passed title free from the liens and claims of other parties; that the findings of the jury and judgment of the court to the contrary are supported by neither the facts nor the law governing the case.

The findings of the jury, which, in our opinion, are sustained by evidence, are to the effect that the materialmen furnished Carl Wolff material and labor to improve the Prospect street property in the amounts, for which, plus interest, their respective claims were established and foreclosed. Aside from other evidence, Mr. Wolff, after mentioning the unpaid claims of these parties, said: "All of these parties to this suit asserting claims of liens furnished labor and material for that work on Prospect Street."

■ These claims are, in our opinion, protected under the provision of section 37, art. 16, of the Constitution. The property not being homestead, it was not essential to the validity of liens that contracts for material and labor should have been in writing, or that Gugenheim should have been served with notice, or that the claims should have been recorded. The constitutional provision in question reads as follows: "Mechanics, artisans, and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the legislature shall provide by law for the speedy and efficient enforcement of said liens." See Warner, etc., Co. v. Maverick, 88 Tex. 489, 30 S. W. 437, 438, 31 S. W. 353, 499; Breneman v. Beaumont, etc., Co., 12 Tex. Civ. App. 517, 34 S. W. 198, 203; Strang v. Pray (Tex. Civ. App.) 34 S. W. 666, 667; Lyon-Gray Lumber Co. v. Nocona Cotton Oil Co. (Tex. Civ. App.) 194 S. W. 633, 634; De Bruin v. Santo Domingo, etc., Co. (Tex. Civ. App.) 194 S. W. 654, 656, 657; McBride v. Beakley (Tex. Civ. App.) 203 S. W. 1137.

■■ But the question remains, Were these liens superior to Gugenheim's lien for unpaid purchase money? Appellant contends that they were not. The statute (article 5459, R. S. 1925) provides that liens, such as those asserted by the materialmen, shall attach to the houses, buildings, and improvements for which materials were furnished or labor done, in preference to any prior incumbrance or mortgage upon the land upon which the house, building, or improvements were made or performed. The improvements in the instant case were made to houses already upon the land, therefore merged with and became a part of the houses, were incapable of being severed and sold separately; hence, under these facts, Gugenheim's lien for purchase money should not be subordinated to the claims of the materialmen (Citizens' National Bank v. Strauss, 29 Tex. Civ. App. 407, 69 S. W. 86, 89) unless other reasons exist requiring that this should be done, a question which we will now discuss. Article 5459, after the provisions above stated, contains this further language: "Provided, any lien, encumbrance or mortgage on the land or improvement at the time of the inception of the lien herein provided for shall not be affected thereby, and

holders of such liens need not be made parties in suits to foreclose liens herein provided for." In answer to special issues, the jury found "that it was a part of the consideration for the deed from Gugenheim to Wolff conveying the Prospect Street property that Wolff was to make repairs and improvements thereon." The evidence showed further that Gugenheim furnished plans for the work, and that the improvements were made according to these plans, modified to some extent by agreement between Gugenheim and Wolff. It must be held, we think, that the contract was made with knowledge of and with reference to existing laws giving mechanics, artisans, and materialmen liens upon property improved, for the value of labor and material furnished therefor. As Gugenheim's lien for purchase money and the parol agreement requiring the property to be improved, arose from and constituted parts of one and the same transaction, it cannot be correctly said that the note was a "prior lien" upon the land at the inception of the liens for labor and material. We are of opinion, therefore, that the liens claimed by the materialmen attached to the property, under the terms of the statute, in preference to the lien held by Gugenheim. We are not unmindful of the holding by the Supreme Court in Sullivan v. Texas Briquette, etc., Co., 94 Tex. 541, 63 S. W. 307, 308, but believe the facts of the case at bar differentiates it from that case. The basis for the liens asserted by these materialmen was laid by Gugenheim himself in the contract of sale, and the liens had their inception contemporaneously with that of the vendor's lien. The word "inception," as used in the statute, was defined in Oriental Hotel Co. v. Griffiths, 88 Tex. 583, 33 S. W. 652, 662, 30 L. R. A. 765, 53 Am. St. Rep. 790, as follows: "The word 'inception' means 'initial stage.' Cent. Dict. It does not refer to a state of actual existence, but to a condition of things or circumstances from which the thing may develop." Under this definition of the word "inception," we think it follows that the liens for labor and material created for the purpose of consummating improvements Gugenheim obligated Wolff to make existed potentially from the day the contract of sale was made.

In Sullivan v. Texas Briquette, etc., Co., supra, the court, under the facts of that case, gave preference to the prior lien of a mortgage, holding that the inception of the lien (for material and labor) relates to the date when the contract is made under which work was done or material furnished, but in the discussion the court used the following significant language: "There is no evidence that we have been able to discover in this record —and none has been pointed out by the able attorney for the defendants in error—which shows that at the time the mortgage was executed any contract for this improvement

had been let, or that the particular improvements were intended to be provided for by the making of that mortgage. The inception of the liens which are claimed in this case by the defendants in error was subsequent to the date of the lien of the mortgage to secure the bonds asserted by the plaintiffs in error, and was, therefore, subordinate to the lien of that mortgage." The implication is clear that if, at the time the mortgage was executed, provision had been made for improvements, as in the case at bar, the court would doubtless have held differently.

But there is still another reason why, in our opinion, the trial court did not err in preferring the claims of the materialmen to the claim asserted by Gugenheim. In expressly obligating Wolff to make improvements, Gugenheim, in a certain sense, made Wolff his agent to that end, and, under such circumstances, the generally accepted doctrine is that the interest of the vendor becomes subject to liens for labor and material used in consummating the improvements. This doctrine is stated in 40 C. J. 113, 114, § 113, as follows: "While there is some authority to the contrary, as a general rule, where the contract of purchase expressly requires or obligates the purchaser to erect certain buildings, or make certain improvements, the interest of the vendor becomes subject to the liens of persons furnishing labor and materials for the buildings or improvements, even though the vendee forfeits his contract, it being considered that the vendor consents to the improvements or makes the vendee his agent. In such case, a further stipulation in the contract of sale that any mechanic's lien shall be subject to the vendor's interest in the property does not destroy the vendor's consent, nor is it sufficient to subordinate to the vendor's rights the lien of a person furnishing material and work who is not in privity with either of the parties to the contract and who has no notice of the stipulation." Also see Henderson v. Connelly, 123 Ill. 98, 14 N. E. 1, 5 Am. St. Rep. 490; Paulsen v. Manske, 126 Ill. 72, 18 N. E. 275, 9 Am. St. Rep. 532; Hill v. Gill, 40 Minn. 441, 42 N. W. 294, 296; Note 10 to Belnap v. Condon, 23 L. R. A. (N. S.) 604, 605, 615, 617; Note to Clark v. North, 11 Ann. Cas. 1085, 1088; Note to Stewart v. Talbott, Ann. Cas. 1916C, page 1135. In the case of Hill v. Gill, supra, the vendor was seeking, under similar circumstances, to maintain priority over materialmen, as Gugenheim is attempting here. Denying the vendor's preference over materialmen, the Supreme Court of Minnesota said: "She [vendor] attempts to retain the property, much enhanced in value, through plaintiffs' materials, without paying for the improvements. To permit her to do so would be an imposition. She directed and demanded the erection of the dwelling-house upon her lot, as is obvious from her contract, and Barker, in pursuance

of the right he acquired by the same instrument, and in performance of the conditions imposed by it, purchased building materials, now a part of the estate. The proper and just construction to be placed upon the contract is that the purchase was authorized by Mrs. Gill, and, if this be so, the plaintiffs must be permitted to look to her title for the satisfaction of their demand"—citing Henderson v. Connelly, supra. We are of opinion, therefore, that the court did not err in preferring the liens of the materialmen over the lien and rights claimed by Gugenheim.

■■ Appellant insists, however, that the materialmen are limited by the terms of his deed conveying the land to Wolff, and, as this instrument is silent, as to the contractual feature of the consideration—that is, the obligation of Wolff to make improvements on the properties—that parol evidence was not admissible to establish the contemporaneous agreement for improvements, therefore the court erred in admitting proof of this nature.

We understand the general rule to be as stated by appellant, but also understand that the rule is limited in its application to parties to the written contract and their privies, and cannot be invoked against those who do not claim under or attempt to enforce the contract. The parol agreement for improvements was brought into the case incidentally, as an evidentiary fact, showing the inception of the liens asserted by the parties, and further that, in conveying the property, Gugenheim obligated Wolff to improve the same according to certain plans, to illustrate Wolff's agency in the premises. See Hughes v. Sandal, 25 Tex. 162, 165; Johnson v. Portwood, 89 Tex. 249, 34 S. W. 596, 787; Kahle v. Stone, 95 Tex. 106, 111, 65 S. W. 623; 22 C. J. 1292, § 1725. We therefore overrule this contention of appellant.

■ The judgment preferring the claims of Joe E. Lawther over the claim of appellant must rest, if sustained, on the doctrine of estoppel, as the evidence furnishes no other basis for the preference. He sued as transferee of the notes and deeds of trust given by Wolff to the Liberty State Bank, of which he was president, for money to be expended for labor and material in making improvements, both upon the Prospect street and the Washington avenue properties.

Appellant insists that Lawther showed no right to recover on the notes, because there was no evidence that the bank had transferred same to him. This contention is overruled; the testimony of Lawther clearly shows that the notes were transferred to him by the bank.

The findings of the jury with reference to both loans—the $3,000 loan on the Prospect street property and the $400 loan on the Washington avenue property—are that Gug-

enheim represented (to Lawther, president of the bank) that he would make Wolff a loan when the improvements were completed, sufficient to cover the cost of improvements on the Washington avenue lot, and $2,000 on the Prospect street lot; that the bank made the loans to Wolff on the faith of Gugenheim's representations, and that, although Wolff completed the improvements according to contract, Gugenheim failed and refused to make these loans. The evidence on this phase of the case is not as definite and satisfactory as, in our opinion, it could have been developed, yet we do not feel justified in disturbing the findings of the jury. In further support of the judgment, we think the court was warranted in concluding that, if Gugenheim had made the promised loans to Wolff, the bank's notes would have been paid.

The net result of Gugenheim's representations was to induce the bank to loan money to Wolff to be used, in fact was used, by him to improve these properties, and Gugenheim's failure to furnish Wolff money as he said to Lawther he would do, resulted in the bank being prejudiced and Gugenheim being correspondingly benefited. These facts, in our opinion, are sufficient to estop Gugenheim to claim now that the rights obtained by him under foreclosure of his prior deed of trust are superior to the lien held by Lawther; therefore the court did not err in giving Lawther's claims preference.

We approve the finding of the jury, to the effect that Gugenheim agreed to advance Wolff $2,000 as a loan when the improvements to be made on the Prospect street property were completed, but we are also of opinion, and so hold, that the Liberty State Bank was not justified, by any statement or representation made by Gugenheim to Lawther, in lending Wolff on this property any amount in excess of $2,000.

■ If we are correct in holding that Gugenheim estopped himself to assert priority of his claim over the liens held by Lawther, it follows necessarily that the purchase by Gugenheim of the Washington avenue lot under foreclosure and its subsequent sale to a stranger, having cut off Lawther's superior equitable rights, inflicted upon him a wrong, and damaged him in dollars and cents the amount of his note, principal and interest, held against this property by reason of which Gugenheim incurred personal liability; therefore the court did not err in rendering personal judgment against Gugenheim for that amount, in favor of Lawther.

■■ Appellant insists further that the court erred in not instructing a verdict in his favor, on the idea that the judgment in cause No. 70906, styled Carl Wolff v. C. R. Gugenheim, rendered in the district court of Dallas county, was res judicata as to all matters involved herein as between the parties to this

suit. This contention is based on the idea that, when Gugenheim conveyed these lots to Carl Wolff, it was agreed, as part consideration for the conveyances, that Wolff would complete certain improvements thereon, and that Gugenheim would loan Wolff certain sums of money to pay for the improvements when completed; that the existence whether or not of such agreement between Gugenheim and Wolff was the sole issue of fact tried and decided in cause No. 70906, wherein Wolff sought to enjoin Gugenheim and the trustee in the trust deeds from enforcing payment of the purchase-money notes given by Wolff for these lots, on the ground that Gugenheim breached his agreement to make said loans, and that the issue as to whether or not such an agreement in fact existed was decided adversely to Wolff.

Neither of the parties adverse to Gugenheim in this suit was a party to cause No. 70906, in which the judgment, pleaded in bar, was rendered. The general rule that a stranger to a judgment is not bound thereby is stated in 15 R. C. L. 1005, 1006, § 481, as follows: "In regard to the persons in whose favor or against whom the doctrine of res judicata is applicable it is well settled that a judgment or decree is binding upon all parties to the proceeding in which it was rendered and their privies, and on the other hand it is equally well settled that with certain exceptions hereinafter noted, strangers to a judgment or decree are not bound thereby, and that it will not affect the rights of those who are neither parties nor privies in the suit and who have never had an opportunity to be heard. The reason for the rule lies in the fact that a stranger to an action does not have the opportunity vouchsafed to parties to prove or ascertain the truth of questions in issue. * * * "

Appellant contends, however, that the facts of the case bring it within a well-recognized exception to the general rule, and that the case is controlled by the doctrine announced in Sonnentheil v. Moody (Tex. Civ. App.) 56 S. W. 1001; McFaddin, etc., Co. v. Texas, etc., Co. (Tex. Civ. App.) 253 S. W. 916, and Eastland County v. Davisson (Tex. Com. App.) 13 S.W.(2d) 673. Each of these cases was controlled by one of the exceptions to the general rule, to the effect that, where the relations between two parties are analogous to that of principal and agent, principal and surety,

master and servant, or partners, the rule is that a judgment in favor of either in an action brought by a third party rendered upon a ground equally applicable to both should be accepted as conclusive against the plaintiff's right of action against the other. The reason for the exception may be gleaned from the following excerpt from 15 R. C. L. 1027, § .501: " * * * Where the relations between two parties are analogous to that of principal and agent, or master and servant, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted as conclusive against the plaintiff's right of action against the other. It is essential, however, that the ground of liability of the principal should be the same as that of the agent, and the party against whom the judgment is sought to be used as a determination of the question of liability must have had his day in court. * * * "

We do not think the facts of this case bring it within any exception to the general rule. The right of the materialmen to a lien upon the property was fixed by the Constitution, and their right to priority over the claim asserted by Gugenheim is based upon the fact that he obligated Wolff to improve the property, and in a sense made him agent for such purpose, and the right of Lawther to preference is based on the doctrine of estoppel; hence it is apparent that there is neither identity of parties, nor of issues, in the two controversies. We therefore overrule this contention of appellant.

After due consideration, we overrule all assignments, except we hold that the debt of Lawther, as established and foreclosed on the Prospect street property, is excessive, that same should be reduced to the sum of $2,000, the amount the jury found Gugenheim agreed to loan Wolff on this property, and, as thus reformed, the judgment below is in all respects affirmed.

The excessive feature of the judgment was complained of and called to the attention of the court below by appellant in his motion for a new trial, and assigned error thereon; therefore three-fourths of the costs of this appeal will be taxed against appellant, and one-fourth against appellee Lawther.

Reformed and affirmed.